IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRU BIOSYSTEMS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | 05-201 |
| v. ) | Civil Action No. _____ |
| ) | |
| DOUGLAS S. HOBBS, ) | |
| JAMES J. COWAN, and ) | |
| COHO HOLDINGS LLC ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff, SRU Biosystems, Inc., by and through its undersigned counsel, presents this Complaint against the defendants as follows:

**GENERAL ALLEGATIONS**

1. This Complaint arises under 35 U.S.C. § 256 to correct issued U.S. patents and patent applications to add Dr. Brian Cunningham as inventor. The patents and applications, listed here, are owned by the defendant CoHo Holdings LLC ("CoHo"):

(A) U.S. Patent No. 6,870,624, entitled "Optical Wavelength Resonant Device for Chemical Sensing" (Tab 1), and

(B) U.S. Patent No. 6,791,757, entitled "Optical Device for Filtering and Sensing" (Tab 2);

(collectively referred to, along with any and all related patents and pending applications, as the "Patents in Suit"). The inventorship on the Patents in Suit should be corrected to include Dr. Brian Cunningham, who conceived of the idea of using a resonant reflection optical device as a biosensor. This idea is the subject of many of the claims of the Patents in Suit.

2. In the alternative, the Complaint seeks a Declaratory Judgment that the Patents in Suit are unenforceable because of the inequitable conduct of the named inventors on the patents, Defendants Douglas Hobbs and James Cowan, and their attorneys and others associated with the filing and prosecution of the Patents in Suit, because they knew that Dr. Brian Cunningham was the sole or a joint inventor of the subject matter of at least one of the claims of each of the patents. Despite this knowledge, the Applicants purposely concealed Dr. Cunningham's inventive contributions from the U.S. Patent and Trademark Office.

## THE PARTIES

3. Plaintiff, SRU Biosystems, Inc. ("SRU"), is a Delaware corporation having its principal place of business at 14-A Gill Street, Woburn, Massachusetts 01801.

4. Defendant, CoHo Holdings LLC ("CoHo"), is a Delaware Limited Liability Company with its principal office at 15 A Street, Burlington, Massachusetts. CoHo is the assignee of the Patents in Suit.

5. Defendant, Douglas S. Hobbs ("Hobbs"), resides at 1998 Massachusetts Avenue, Lexington, Massachusetts. Hobbs is a manager of CoHo. He is a named inventor on the Patents in Suit, and he has assigned his rights in the patents to CoHo.

6. Defendant, James J. Cowan ("Cowan"), resides at 9 Winston Road, Lexington, Massachusetts. Cowan is a Manager of CoHo. He is a named inventor on the Patents in Suit, and he has assigned his rights in the patents to CoHo.

7. Dr. Brian Cunningham, Ph.D. is a research scientist, and is one of the founders of SRU. He is not a formal party to this action because, at all relevant times, his rights to his inventions were assigned to SRU. Dr. Cunningham is currently an Associate

Professor at the University of Illinois, Champaign Illinois, and he remains the Chief Technical Officer of SRU.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), in that this matter arises under the patent laws of the United States, Title 35, United States Code, Section 256.

9.  Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND

10. SRU Biosystems, Inc. is a start-up company that has developed, and is on the verge of commercializing, a novel biosensor device that is a significant advance in the field of diagnostics and drug discovery. The biosensor is the result of diligent efforts of Dr. Brian Cunningham and other SRU scientists and employees. Currently, SRU has over thirty pending U.S. and foreign patent applications that relate to the unique biosensor concept.

11. In early 2000, Dr. Cunningham conceived of a biosensor that uses a resonant reflection optical device that is based upon an optical phenomenon known as "Wood's Anomaly." One of Dr. Cunningham's initial concepts was to create a biosensor by placing a coating of chemically or biologically reactive material on the surface of such a device. Prior to this time, Plaintiff James Cowan had developed a three-dimensional optical structure known as an "Aztec structure." Like many other optical structures, the Aztec structure exhibits resonant reflection. After learning of Cowan's Aztec structure, Dr. Cunningham conceived of the idea of coating a surface of that structure with a chemically or biologically reactive material to create a biosensor.

12.     Because Dr. Cunningham needed help making the Aztec structure, Dr. Cunningham revealed his idea to Hobbs and Cowan. Hobbs had experience in photolithography, a technology that was at that time considered to be useful in manufacturing the Aztec structure. Prior to Dr. Cunningham's disclosure, Hobbs and Cowan had no experience with biosensor devices. SRU hired Hobbs as a consultant, at least as early as October 1, 2000, to assist Dr. Cunningham in the fabrication of the optical component of the biosensor. At that time, Cunningham and Hobbs worked together to fabricate biosensors based upon the Aztec structure and other resonant optical structures using the optical phenomenon known as "Wood's Anomoly," and Dr. Cunningham's conception.

13.     Hobbs continued as a consultant to SRU until about June 30, 2001. As an SRU consultant, Hobbs fabricated various two-dimensional embodiments of the optical component for a biosensor, which were developed as alternatives to the Aztec structure. These alternative embodiments of the optical component were conceived in part or in total by Dr. Cunningham. Hobbs fabricated the alternative embodiments at Dr. Cunningham's direction and to Dr. Cunningham's specifications. Dr. Cunningham and other SRU employees were solely responsible for developing surface chemistries that allowed the optical component to work as a biosensor.

14.     As a consultant, Hobbs learned of several SRU trade secrets developed by Dr. Cunningham and other SRU employees. These secrets included the chemical activation of the surface of the optical component of the biosensor and, on information and belief, the use of a one-dimensional grating structure for the optical component of the biosensor. Additonally, SRU's subsequently published patent applications disclosed a

4

one-dimensional grating structure for the optical component of a biosensor. Hobbs or Cowan made no inventive contribution to a biosensor having a one-dimensional optical component, or to chemical activation strategies.

15. Dr. Cunningham filed a number of patent applications related to the biosensor device, and he assigned those applications to SRU ("the SRU applications"). SRU recognized Hobbs' contribution to the invention of the optical portion of some embodiments of the biosensor by including Hobbs as a co-inventor on some of the SRU applications. Although he initially agreed to do so, Hobbs has since refused to assign his rights to SRU in those applications to the extent the applications are directed to biosensors. Instead, Hobbs and Cowan filed their own patent applications directed to the biosensor conceived by Dr. Cunningham. Hobbs and Cowan, however, failed to include Dr. Cunningham as an inventor on their patent applications. Those applications have issued as the Patents in Suit.

16. Hobbs and Cowan have assigned their rights in the Patents in Suit to CoHo.

17. Hobbs was fully compensated for the services he provided to SRU.

## COUNT I

## CORRECTION OF INVENTORSHIP (35 U.S.C. § 256)

18. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-17 above.

19. Prior to the filing of the Patents in Suit, Dr. Cunningham conceived of certain optical devices and the use of a chemically or biologically active layer on the surface such devices as claimed in at least one of the claims of each of the Patents in Suit.

20. Dr. Cunningham shared his ideas with Cowan and Hobbs prior to the filing of the applications for the Patents in Suit.

21. Because Dr. Cunningham conceived of at least one of the claims of each of the Patents in Suit, Dr. Cunningham is and should rightfully be named as an inventor of the Patents in Suit.

22. Because Dr. Cunningham had no part in the filing or prosecution of the applications that gave rise to the Patents in Suit, the error in omitting Dr. Cunningham as an inventor on the Patents in Suit occurred without any deceptive intent on the part of Dr. Cunningham.

23. SRU, as the assignee of Dr. Cunningham's rights to the invention, is entitled to an undivided interest in all right, title and interest as co-owner and tenant-in-common in each of the Patents in Suit, and any U.S. or foreign applications or issued patents claiming priority from the Patents in Suit.

24. In addition, pursuant to 35 U.S.C. § 256, SRU is entitled to an Order directing the Director of the United States Patent and Trademark Office to correct the Patents in Suit to add Brian Cunningham as an inventor.

25. Pursuant to 35 U.S.C. § 256, SRU is entitled to a judgment that Dr. Cunningham is an inventor and that SRU is a co-owner of the Patents in Suit, and any U.S. or foreign patent applications and issued patents claiming priority from the Patents in Suit.

## COUNT TWO

### DECLARATORY JUDGMENT OF PATENT UNENFORCABILITY

26. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-25 above.

27. Throughout the course of prosecution of the Patents in Suit before the United States Patent and Trademark Office, Cowen, Hobbs, their attorneys and other persons associated with the filing and prosecution of the Patents in Suit ("the Applicants") had a duty of candor and good faith to the United States Patent and Trademark Office. Pursuant to 37 C.F.R. § 1.56, this duty included the duty to disclose all information that the Applicants knew was material to the patentability of the claims of the Patents in Suit.

28. Dr. Cunningham's inventive contributions to at least one of the claims of each of the Patents in Suit are material to the patentability of the claims.

29. The Applicants never told Dr. Cunningham that the Patents in Suit contained claims directed to subject matter of which Dr. Cunningham is the sole or a joint inventor.

30. At the time they filed the Patents in Suit, and throughout the prosecution of the Patents in Suit, the Applicants knew that Dr. Cunningham was rightfully the sole or a joint inventor of at least one of the claims of each of the Patents in Suit.

31. SRU learned of the specific claims in the applications for Patents in Suit when the applications published in 2003. Following publication of the application, SRU informed Hobbs and Cowan, through their attorney, that Dr. Cunningham regarded himself as an inventor on one or more of the claims of the published patent applications.

32. Despite their duty to do so, the Applicants failed to notify the United States Patent and Trademark Office that Dr. Cunningham regarded himself as an inventor of at least one claims of the applications for the Patents in Suit.

33. The Applicants' intentional and deceitful failure to inform the United States Patent and Trademark Office that Dr. Cunningham is the sole or a joint inventor of at least one of the claims of each of the Patents in Suit, and the Applicants' intentional and deceitful failure to include Dr. Cunningham as an inventor on the applications for the Patents in Suit, is a breach of the duty of good faith and fair dealing with the United States Patent and Trademark Office.

34. The Applicants breach of their duty of good faith and fair dealing during the prosecution of the Patents in Suit constitutes inequitable conduct on the part of Applicants.

35. The Patents in Suit are unenforceable due to the Applicants' inequitable conduct.

## RELIEF REQUESTED

**Wherefore**, SRU Biosystems, Inc. prays for judgment and relief including:

(A) That the Court enter a Order pursuant to 35 U.S.C. § 256 directing the Director of the United States Patent and Trademark Office to correct U.S. Patent No. 6,870,624 and U.S. Patent No. 6,791,757 to add Dr. Brian Cunningham as an inventor on each of the patents, and any continuation or divisional applications;

(B) That the Court enter an Order that SRU Biosystems, Inc. is an owner of an undivided interest in U.S. Patent No. 6,870,624 and U.S. Patent No. 6,791,757, any continuing or divisional patent applications, and any foreign patents and applications claiming priority thereto.

(C) In the alternative, that the Court enter an Order declaring that U.S. Patent No. 6,870,624 and U.S. Patent No. 6,791,757 are unenforceable;

(D) That the Court declare this an exceptional case and award SRU its attorneys' fees pursuant to 35 U.S.C. § 285, and award SRU its costs; and

(E) Such other and further equitable relief as this Court may deem just and proper.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

John J. McDonnell
James C. Gumina
Patrick G. Gattari
Paula S. Fritsch
McDONNELL BOEHNEN
   HULBERT & BERGHOFF LLP
300 S. Wacker Dr., Chicago, IL 60606
(312) 913-0001

Dated: April 7, 2005
155534.1