IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRU BIOSYSTEMS, INC., <br><br> Plaintiff <br><br> v. <br><br> DOUGLAS S. HOBBS, <br> JAMES J. COWAN, and <br> COHO HOLDINGS LLC <br><br> Defendants | CIVIL ACTION <br> NO: 05-201 |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND JURY DEMAND

### DEFENDANTS' ANSWER

The Defendants, Douglas S. Hobbs (hereinafter "Mr. Hobbs"), James J. Cowan (hereinafter "Mr. Cowan"), and CoHo Holdings LLC (hereinafter COHO) (hereinafter the defendants collectively referred to as "COHO et al.") for their answer to the Complaint state as follows:

### GENERAL ALLEGATIONS

1. COHO et al. deny that Brian Cunningham (hereafter "Cunningham") is a co-inventor on U.S. Patent No. 6,870,624 and/or U.S. Patent No. 6,791,757 (collectively "COHO Patents") owned by COHO. COHO et al. are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the complaint.

2. COHO et al. deny any inequitable conduct.

## THE PARTIES

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    COHO et al. are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

## JURISDICTION AND VENUE

8.    Admitted.

9.    COHO et al. deny that venue is proper in this District. However, COHO et al. submit that this matter should be transferred to the District Of Massachusetts in accordance with 28 U.S.C. § 1404(a).

## FACTUAL BACKGROUND

10.    COHO et al. are without knowledge or information sufficient to form a belief as to the truth of the statements set forth in paragraph 10 of the Complaint.

11.    On information and belief, the allegations of paragraph 11 are denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied, except for the allegation that Mr. Hobbs is an inventor on one or more of the patent applications filed by SRU.

16.    Admitted.

17. Denied.

## COUNT ONE

## CORRECTION OF INVENTORSHIP (35 U.S.C. 256)

18. COHO et al. repeat and reaver their answers to paragraphs 1 through 17, inclusive, of the plaintiff's complaint, as if expressly rewritten and set forth herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COUNT TWO

## DECLARATORY JUDGMENT OF PATENT UNENFORCEABILITY

26. COHO et al. repeat and reaver their answers to paragraphs 1 through 25, inclusive, of the plaintiff's complaint, as if expressly rewritten and set forth herein.

27. Admitted.

28. Denied.

29. COHO et al. deny that Cunningham is a sole or a joint inventor.

30. Denied.

31. Denied.

Case 1:05-cv-00201-SLR    Document 7    Filed 05/05/2005    Page 6 of 18

32. COHO et al. deny any duty to inform the United States Patent and Trademark Office of any claim made by Cunningham.

33. Denied.

34. Denied.

35. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint, and each count therein, is barred based on the Doctrine of Unclean Hands.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's complaint, and each count therein, is barred by the plaintiff's breach of implied covenant of good faith and fair dealing.

## COUNTERCLAIMS

CoHo Holdings LLC ("COHO"), pursuant to the provisions of Rule 13 of the Federal Rules of Civil Procedure states the following counterclaims against SRU Biosystems, Inc. ("SRU").

## PARTIES

1. Based on SRU's allegations in its complaint, SRU is a Delaware corporation with a principal place of business at 14-A Gill Street, Woburn, Massachusetts.

2. COHO is a Delaware Limited Liability Company with a principal place of business at 15 A Street, Burlington, Massachusetts.

## NATURE OF COUNTERCLAIM ACTION, JURISDICTION AND VENUE

3. This is a civil action arising under 35 U.S.C. §100 et seq. including inter alia §271, for infringement of one or more United States Patents.

4. Subject matter jurisdiction exists under 28 U.S.C. §§1331 and 1338 because this is a civil action for patent infringement and thus arises under the Patent Laws of the United States, 35 U.S.C. §100 et seq.

5. Venue lies in this District under 28 U.S.C. § 1391(b) and (c) and under 28 U.S.C. § 1400(b). However, COHO et al. submit that this matter should be transferred to the District Of Massachusetts in accordance with 28 U.S.C. § 1404(a).

## GENERAL ALLEGATIONS

6. On September 14, 2004, the United States Patent and Trademark Office duly and legally issued Patent No. 6,791,757 B2 ("'757 patent"), entitled "OPTICAL DEVICE FOR FILTERING AND SENSING". COHO is the owner by assignment from the inventors of all right, title and interest in and to the '757 patent.

7. On March 22, 2005, the United States Patent and Trademark Office duly and legally issued Patent No. 6,870,624 B2 ("'624 patent"), entitled "OPTICAL WAVELENGTH RESONANT DEVICE FOR CHEMICAL SENSING". COHO is the owner by assignment from the inventors of all right, title and interest in and to the '624 patent.

## COUNT I - PATENT INFRINGEMENT

8. Paragraphs 1 through 7 of this counterclaim are realleged herein.

9. Upon information and belief, SRU has been and is infringing the '757 patent, at least by making, using, offering to sell and selling devices that fall within the scope of the subject patent. Upon information and belief, SRU will continue its infringing activities unless enjoined by this Court. In accordance with Federal Rules of Civil Procedure Rule 11(b)(3), the allegations and contentions of this paragraph are likely to have evidentiary support after COHO has a reasonable opportunity for further investigation or discovery.

10. Upon information and belief, SRU's acts of infringement have been, and will continue to be, willful, deliberate and intentional and have caused, and will continue to cause, damage and injury to COHO. In accordance with Federal Rules of Civil Procedure Rule 11(b)(3), the allegations and contentions of this paragraph are likely to have evidentiary support after COHO has a reasonable opportunity for further investigation or discovery.

## COUNT II - PATENT INFRINGEMENT

11. Paragraphs 1 through 10 of this counterclaim are realleged herein.

12. Upon information and belief, SRU has been and is infringing the '624 patent, at least by making, using, offering to sell and selling devices that fall within the scope of the subject patent. Upon information and belief, SRU will continue its infringing activities unless enjoined by this Court. In accordance with Federal Rules of Civil Procedure Rule 11(b)(3), the allegations and contentions of this paragraph are likely to have evidentiary support after COHO has a reasonable opportunity for further investigation or discovery.

Case 1:05-cv-00201-SLR   Document 7   Filed 05/05/2005   Page 12 of 18

13. Upon information and belief, SRU's acts of infringement have been, and will continue to be, willful, deliberate and intentional and have caused, and will continue to cause, damage and injury to COHO. In accordance with Federal Rules of Civil Procedure Rule 11(b)(3), the allegations and contentions of this paragraph are likely to have evidentiary support after COHO has a reasonable opportunity for further investigation or discovery.

## RELIEF REQUESTED

WHEREFORE, COHO et al., individually and collectively, pray that this Court enter judgment as follows:

A.  dismiss the Complaint of the plaintiff, SRU Biosystems, Inc., against the Defendants, Douglas Hobbs, James Cowan, and COHO Holdings LLC, with costs and attorneys' fees to Defendants;

B.  grant a temporary, preliminary and permanent injunction against SRU's continued patent infringement;

C.  find that SRU and those in privity therewith have infringed U.S. Patent No. 6,791,757 B2 and U.S. Patent No. 6,870,624 B2;

D.  award COHO compensatory damages and prejudgment interest thereon, for SRU's infringing acts;

E.  award COHO treble damages for the willful conduct of SRU pursuant to 35 U.S.C. §284;

F.  declare that this case is exceptional and award COHO et al. reasonable attorneys' fees, costs and expenses pursuant to 35 U.S.C. §285; and

G.  award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Douglas S. Hobbs, James J. Cowan and CoHo Holdings LLC, individually and collectively demand a trial by jury on all issues so triable.

Respectfully submitted,

Douglas S. Hobbs, James J. Cowan and CoHo Holdings LLC

By their attorneys,

_____
Brian M. Dingman (BBO #548979)
Jenifer E. Haeckl (BBO #632952)
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581-3941
Phone: (508) 898-1501
Fax:   (508) 898-1502

Dated: April 27, 2005

Case 1:05-cv-00201-SLR    Document 7    Filed 05/05/2005    Page 16 of 18

## CERTIFICATE OF SERVICE

    I, Brian M. Dingman, counsel for Douglas S. Hobbs, James J. Cowan and CoHo Holdings LLC, hereby certify that on this date I served the foregoing on the plaintiff by mailing a copy thereof, postage prepaid, to counsel for SRU, Steven J. Balick, Esq., Ashby & Geddes, 222 Delaware Avenue, 17th Floor, P.O. Box 1150, Wilmington, DE 19899.

date:    April 27, 2005

                                                                   Brian M. Dingman