IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRU BIOSYSTEMS, INC., <br>     Plaintiff, <br><br> v. <br><br> DOUGLAS S. HOBBS, <br> JAMES J. COWAN, and <br> COHO HOLDINGS, LLC, <br>     Defendants. | : <br> : <br> : <br> : <br> :    CIVIL ACTION NO. 05-201-SLR <br> : <br> : <br> : <br> : |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO TRANSFER VENUE**

Defendants, Douglas S. Hobbs, James J. Cowan, and Coho Holdings, LLC, (together "Coho" or "Defendants"), by counsel, in support of their Motion to Transfer Venue to the United States District Court for the District of Massachusetts, state as follows:

## I. INTRODUCTION

The conveniences of the parties and the interests of justice strongly favor transferring this case to the District of Massachusetts for the following reasons:

1.    Delaware is not the plaintiff SRU's preferred forum – as evidenced by SRU's lawsuit against defendant Mr. Hobbs, first filed in Massachusetts in February 2005, that arises out of the same purported set of events;

2.    although the corporate plaintiff SRU, and the corporate defendant Coho Holdings are Delaware corporations, the District of Delaware is a forum foreign to the individual defendants, Mr. Hobbs and Mr. Cowan;

3.    the principal places of business for the corporate plaintiff SRU and the corporate defendant Coho, and the residences of Mr. Hobbs and Mr. Cowan, are all located in Massachusetts;

4.  all of the Defendants' principal witnesses and documents, and virtually all of the Plaintiff's principal witnesses and documents, are located in Massachusetts;

5.  all of the events, including the execution of the Memorandum of Understanding at issue in this case, occurred in Massachusetts;

6.  this case does not involve a question of Delaware state law;

7.  any judgment is equally enforceable in Massachusetts as in Delaware; and

8.  the public interest in an expeditious and efficient use of the judicial system is served by not litigating the disputes, that all arise from the same events, in several different jurisdictions.

## II. BACKGROUND

On December 30, 2004, plaintiff SRU filed a Complaint in Massachusetts for breach of contract and unfair and deceptive trade practices against Mr. Hobbs. The Massachusetts Complaint seeks an injunction ordering Mr. Hobbs to execute an assignment of various SRU patent applications[1] to SRU. (Exhibit A). SRU's Massachusetts Complaint alleges that Mr. Hobbs is obligated to execute the assignment based on an October 2000 Memorandum of Understanding that was executed in Massachusetts between SRU and Mr. Hobbs. On January 19, 2005, defendant Mr. Hobbs filed his Answer to the Massachusetts Complaint denying the allegations and pleading affirmative defenses that include unclean hands and breach of the implied covenant of good faith and fair dealing. (Exhibit B).

On April 7, 2005, plaintiff SRU filed in Delaware the subject Complaint for Correction of Inventorship and Declaratory Judgment of Patent Unenforceability against Mr. Hobbs, as well as

---

[1] U.S. Patent Applications Serial No. 09/929,957 entitled Label-Free High-Throughput Optical Technique for Detecting Biomolecular Interactions, No. 01/50723 [sic], and No. 10/415,037 also entitled Label-Free High-Throughput Optical Technique for Detecting Biomolecular Interactions; and PCT Patent Application Serial No. 01/45455.

Mr. Cowan and Coho Holdings, seeking an order that SRU is the owner of an undivided interest in, and directing the Patent and Trademark Office to correct the inventorship of, two U.S. patents owned by Coho.[2] D.I. 1. Mr. Hobbs and Mr. Cowan are the principals of Coho Holdings. SRU's claims are principally based on the same events as alleged in the Massachusetts case. On April 27, 2005, the Defendants filed their Answer to the Delaware Complaint, denying the allegations and asserting Counterclaims for patent infringement. D.I. 7. In Coho's Answer, Coho asserts that venue is not proper in the District of Delaware in accordance with 28 U.S.C. §1404(a).

Defendant and counterclaim-plaintiffs are Mr. Hobbs, an individual residing in Lexington, Massachusetts; Mr. Cowan, an individual residing in Lexington, Massachusetts; and Coho Holdings, a limited liability company organized and existing under the laws of the State of Delaware, with its sole place of business in Burlington, Massachusetts. Coho Holdings is a small business with three employees, two of which are Mr. Hobbs and Mr. Cowan. (Hobbs Affidavit, Exhibit C).

Plaintiff and counterclaim-defendant SRU Biosystems, Inc., upon information and belief, is a Delaware corporation with its sole place of business in Woburn, Massachusetts and is doing business in the judicial district of Massachusetts.

SRU presumably based jurisdiction and venue in the District of Delaware solely on the

---

[2] U.S. Patents No. 6,870,624, entitled Optical Wavelength Resonant Device for Chemical Sensing, and 6,791,757, entitled Optical Device for Filtering and Sensing. On May 3, 2005, the Plaintiff, SRU, filed two more actions against the defendants, Mr. Hobbs, Mr. Cowan, and Coho Holdings in Canada, one in the Federal Court of Canada (T-782-05) (Exhibit D) and the other in the Ontario Supreme Court (05-CV-30946) (Exhibit E), both based on the same set of purported events as those alleged in this Delaware action and in the Massachusetts action.

fact that SRU is a Delaware corporation and one of the defendants, Coho Holdings, is a Delaware limited liability company. However, as far as Coho is aware, none of the parties does business in Delaware. None of the parties has a place of business in Delaware. None of the events from which SRU's lawsuit purportedly arises occurred in Delaware. None of the witnesses or documents is located in Delaware. (Exhibit C).

### III. ARGUMENTS

Pursuant to 28 U.S.C. §1404(a), a district court may transfer a civil action to another district court, "[f]or the convenience of the parties and witnesses, in the interest of justice..." where the action might otherwise have been brought. This decision is within the discretion of the court. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508 (1947).

  **A.  This action should have been brought in the District of Massachusetts**

Venue in patent cases is governed by 28 U.S.C.§§1391 and 1400(b). Section 1400(b) states that venue is proper "...where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. §1400(b). The Federal Circuit in VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 16 U.S.P.Q.2d 1614 (Fed. Cir. 1990) held that the 1988 amendment to §1391, defining where a corporate defendant resides for purposes of venue, applies to §1400(b). As such, a corporate defendant in a patent case resides in any district in which the defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. §1391(c). All of the Defendants are subject to personal jurisdiction and venue is proper in the District of Massachusetts, because all of the Defendants' residences and principal place of business are located in Massachusetts.

B.  **The conveniences of all of the parties and the interests of justice weigh heavily in favor of the District of Massachusetts**

The balancing of conveniences is within the discretion of the court. Kahn v. General Motors Corp., 889 F.2d 1078, 12 U.S.P.Q.2d 1997 (Fed. Cir. 1989). To decide a motion to transfer venue, the Third Circuit has considered both private and public interests including: 1) the plaintiff's forum preference; 2) the defendant's forum preference; 3) whether the claim arose elsewhere; 4) the convenience of the parties as indicated by their relative physical and financial conditions; 5) the convenience of the witnesses to the extent they are unavailable for trial; 6) the location of books and records; 6) the enforceability of the judgment; 7) court congestion; 8) local interest in deciding local controversies; and 9) the familiarity of trial judge with the applicable state law. BAE Systems Aircraft Controls Inc. v. Eclipse Aviation Corp., 224 F.R.D. 581, 588 (D. Del. 2004) (*citing* Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d. Cir. 1995)).[3]

In the present case, all of the factors noted by the Third Circuit weigh in favor of transferring venue to Massachusetts. Plaintiff SRU chose Massachusetts as the first forum in which to litigate the dispute. Discovery is already in the process of being taken by SRU in connection with the case in Massachusetts. All of the events from which the dispute arose occurred in Massachusetts, including the execution of the Memorandum of Understanding in dispute. The defendant corporation, Coho, is a very small company with only three employees and the two other defendants are individuals. It is too soon to know the availability of any of the

---

[3] In patent related cases, any relevant factor may be considered. The Federal Circuit has noted the following as appropriate factors to consider, "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." Genentech Inc. v. Eli Lilly and Co., 998 F.2d 931, 938, 27 U.S.P.Q.2d 1241, 1245 (Fed. Cir. 1993) (*citing*, Kahn, 889 F.2d at 1081-83, 12 U.S.P.Q.2d at 1999-2001).

potential witnesses for trial, however, they will all reside outside of Delaware, including third party witnesses who would not be subject to the jurisdiction of this Court. All of the parties' books and records are in Massachusetts. Neither the enforceability of the judgment nor court congestion is at issue. Since the dispute arose entirely out of events in Massachusetts and concerns a Memorandum of Understanding that was executed in Massachusetts, it appears that there would little, if any, local interest in deciding a controversy unrelated to Delaware. Last but not least, Massachusetts law would apply to the Memorandum of Understanding in dispute because it was executed in Massachusetts.

In short, the District of Delaware lacks any connection to the events from which the Plaintiff's purported cause of action arises or to the Defendants' counterclaim of infringement. None of the parties are located in Delaware, none of the witnesses are located in Delaware, none of the relevant evidentiary documents are located in Delaware, and neither SRU's claims nor Coho's counterclaims involve a question of Delaware state law. In contrast, all of the parties are located in Massachusetts, all of the relevant evidentiary documents and tangible evidence are located in Massachusetts, and the events and the execution of the Memorandum of Understanding from which SRU's allegations purportedly arise all occurred in Massachusetts.

Furthermore, two of the defendants, Mr. Hobbs and Mr. Cowan, are individuals and the third defendant, Coho Holdings, is a small business with Mr. Hobbs and Mr. Cowan as two of its only three employees. The plaintiff, SRU, states in its pleadings that it is a small business. It would be a significantly greater financial burden on the defendants, as well as SRU, to litigate this case in a forum far from any of the parties' places of residences and businesses and without any significant connection to this case, than to litigate this case in the District of Massachusetts

having numerous connections to this case. Even assuming for argument that SRU has some as yet undisclosed reason for litigating this case in Delaware rather than Massachusetts, the District of Delaware has recognized that a Section 1404(a) motion to transfer should be granted when the transfer will greatly aid the movant. Filmtec Corp. v. Allied-Signal, Inc., 13 U.S.P.Q.2d 1979 (D. Del. 1989) (*citing* Minstar, Inc. v. Laborde, 626 F. Supp. 142 (D. Del. 1985)).

In sum, none of the factors which courts weigh as significant in choosing one forum over another weigh in favor of keeping the action in the District of Delaware. Rather, the factors of convenience and the interests of justice weigh strongly in favor of the District of Massachusetts.

## IV. CONCLUSION

For the foregoing reasons, Defendants and counter-claim plaintiffs request that their motion to transfer venue be granted, together with such other and further relief as the Court deems just.

Respectfully submitted, this 1st day of July, 2005,

                                                BLANK ROME LLP

                                                By: /s/ Dale R. Dubé
                                                    Dale R. Dubé (I.D. No. 2863)
                                                    1201 Market Street
                                                    Suite 800
                                                    Wilmington, Delaware 190801
                                                    (302) 425-6400
                                                    dube@blankrome.com

                                                    Attorneys for Defendants/
                                                    Counterclaim Plaintiffs
                                                    Douglas S. Hobbs, James J. Cowan
                                                    and CoHo Holdings, LLC

Of Counsel:

Brian M. Dingman (BBO #548979)
Jenifer E. Haeckl (BBO #632952)
MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2005, I electronically filed the **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Steven J. Balick
> John G. Day
> ASHBY & GEDDES
> 222 Delaware Avenue, 17th Floor
> P.O. Box 1150
> Wilmington, DE 19899

I also certify that, on July 1, 2005, I served the aforementioned document, by facsimile and Federal Express, upon the following non-registered participants:

> John J. McDonnell
> James C. Gumina
> Patrick G. Gattari
> Paula S. Fritsch
> Mc DONNELL BOEHNEN HULBERT & BERGHOFF LLP
> 300 South Wacker Drive
> Chicago, Illinois 60606
> Facsimile: 312-913-0002

/s/ Dale R. Dubé
Dale R. Dubé (I.D. No. 2863)
BLANK ROME LLP
1201 Market Street
Suite 800
(302) 425-6400
dube@blankrome.com