# EXHIBIT A

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-5628

SRU Biosystems, Inc.

_____, Plaintiff(s)

v.

Douglas Hobbs

_____, Defendant(s)

A TRUE COPY, ATTEST

DEPUTY SHERIFF
Middlesex County

DATE OF SERVICE

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon Timothy C. Blank, Esq.

_____

plaintiff's attorney, whose address is 200 Clarendon St., Floor 27, Boston, MA 02116 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness Barbara J. Rouse ......hio, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____ .

_Michael Joseph Donovan_

Clerk/Magistrate

NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

    (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT

|  |  |
|---|---|
| SRU BIOSYSTEMS, INC., | ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. |
| Douglas Hobbs, | ) ) 04-5628 |
| Defendant | ) ) |

**RECEIVED**

DEC 28 2004

SUPERIOR COURT · CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

## COMPLAINT

Plaintiff, SRU Biosystems, Inc., by and through its undersigned counsel, presents this Complaint for breach of contract and deceptive business practices against defendant, Douglas Hobbs, as follows:

### JURSDICTION AND VENUE

1.      Plaintiff, SRU Biosystems, Inc., is a Delaware corporation having its principal place of business at 14-A Gill Street, Woburn, Massachusetts 01801.  SRU Biosystems, Inc.'s predecessor SRU Biosystems LLC was a limited liability corporation organized under the laws of Delaware having the same principal place of business. Collectively these companies are referred to as "SRU."

2.      Defendant, Douglas Hobbs ("Hobbs"), resides at 1998 Massachusetts Avenue, Lexington, Massachusetts.

1

## COUNT I
## BREACH OF CONTRACT

3.     SRU was formed in July 1, 2000 for the purpose of developing and marketing a novel colorimetric resonant biosensor for use in biochemical and biological testing, sensing and detection.

4.     As part of this business, Dr. Brian T. Cunningham, one of the founders of SRU, conceived of a structure for a novel colorimetric resonant biosensor.

5.     After obtaining Hobb's agreement to keep all information with respect to the biosensor technology confidential, on September 19, 2000, Dr. Cunningham disclosed the concept of the biosensor to Hobbs. On information and belief, prior to Dr. Cunningham's disclosure Hobbs had no experience with biosensor devices. The purpose of the disclosure was to solicit Hobbs' assistance, as a consultant to SRU, to develop a fully functional device. Hobbs had experience in photolithography, a technology that was at that time considered to be useful in developing a functional device.

6.     Dr. Cunningham, in conjunction Hobbs, demonstrated the viability of the concept less than a month after Hobbs first became aware of the concept.

7.     At least as early as October 1, 2000, Hobbs began formally working as a consultant for SRU. Hobbs principal role was that of using photolithography to fabricate the sensor device. On information and belief, at this time, all work that Hobbs performed with respect to any biosensor device was in conjunction with Dr. Cunningham and SRU. Hobbs was fully compensated for the services he provided to SRU.

8.     On October 25, 2000, SRU and Hobbs executed a Memorandum of Understanding ("MOU") "to clarify each party's obligations in the joint development of

2

the colorimetric resonant biosensor arrays as they may be applied to biochemical testing and detection." *See* Paragraph I. of the MOU, which is attached as Exhibit A, hereto.

9.      Pursuant to Paragraph III.2. of the MOU, Hobbs agreed to "Assign irrevocably and exclusively on a royalty free basis to SRU, and/or its designee, all rights pertaining to the jointly-developed technology as it applies to biochemical and biological testing, sensing, and/or detection."

10.     In consideration for the assignment of the rights, Hobbs not only received the compensation referenced in paragraph 8 *supra*, but also received an assignment of rights with respect to telecommunication applications of the technology and the right to negotiate for exclusive manufacturing rights for the colorimetric resonant biosensor arrays.

11.     Subsequent to the signing of the MOU, development of the biosensor technology continued. Dr. Cunningham and Hobbs continued to work on the development of the biosensor, with Dr. Cunningham developing computer simulations of the device and Hobbs attempting to replicate the simulations and design.

12.     SRU filed the following U.S. Utility Patent Applications: U.S. Utility Patent Application Serial No. 09/929,957, filed August 15, 2001; U.S. Utility Patent Application Serial No. US01/50723, filed October 23, 2001; PCT Patent Application Serial No. US01/45455, filed October 23, 2001and U.S. Utility Patent Application Serial No. 10/415,037, filed January 20, 2004 with the U.S. Patent and Trademark Office. These applications name Hobbs and a number of SRU employees as inventors.

13.     The subject matter of the applications is a colorimetric resonant biosensor for use in biochemical testing and detection.

3

14.     The subject matter of the applications is jointly developed technology pursuant to the terms of the MOU.

15.     SRU has asked Hobbs to execute an Assignment of the applications, but Hobbs has refused to execute the Assignment.

16.     Hobbs has refused to assign to SRU his rights associated with the jointly developed technology as it applies to biochemical and biological testing, sensing and/or detection.

17.     Hobbs' relationship with SRU ended on or about June 30, 2001.

18.     Hobbs' failure to assign these rights constitutes a willful and knowing breach of the terms of the MOU.

19.     Hobbs' breach of his contractual rights has caused SRU substantial damages.

## COUNT II
## UNFAIR AND DECEPTIVE TRADE PRACTICES

20.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-20 above.

21.     At all times relevant to this action, Plaintiff and Hobbs were engaged in trade or commerce. Hobbs' wrongful acts and omissions set forth herein, including but not limited to Hobbs' conduct in knowing disregard of known contractual arrangements for the purposes of securing benefits for himself, have been misleading, knowing and willful and constitute unfair and deceptive acts and practices within the meaning of M.G.L. c. 93A §§ 2 and 11.

22.     Hobbs' unfair and deceptive acts and practices took place primarily and substantially within the Commonwealth.

4

23.     Plaintiff has suffered loss of money or property as a result of Hobbs'
unfair and deceptive business acts and practices in an amount to be proven at trial, plus
interests costs and attorneys' fees.  All damages should be trebled pursuant to M.G.L. c.
93A.

24.     Plaintiff will continue to suffer loss of money or property if Hobbs
continues his unfair and deceptive business acts and practices.  Pursuant to M.G.L. c.
93A § 11, the Court should use its equitable powers to issue a permanent injunction to
Hobbs to execute an Assignment of the applications to SRU Biosystems or its designees.

## RELIEF REQUESTED

**Wherefore**, SRU Biosystems prays for judgment and relief including:

(A)     That the Court enter a permanent injunction ordering Douglas Hobbs to execute an Assignment of the applications to SRU Biosystems or its designee;

(B)     Award treble damages to SRU;

(C)     An assessment of costs and fees against Douglas Hobbs; and

(D)     Such other and further equitable relief as this Court may deem just and proper.

Respectfully submitted,

SRU Biosystems, Inc.
By its attorneys,

Timothy C. Blank (BBO# 548670)
Matthew M. Lyons (BBO# 657685)
DECHERT LLP
200 Clarendon Street
27th Floor
Boston, MA 02116-5021
(617) 728-7100

OF COUNSEL:
James C. Gumina
MCDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, IL 60606
Phone: 312-913-2116
Fax: 312-913-0002

Dated:

| **COVER SHEET** | **B.L.S.** 04-5628 | **Superior Court Department** **County: SUFFOLK** |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| SRU Biosystems, Inc. | Douglas Hobbs |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Timothy C. Blank, Dechert LLP 200 Clarendon Street, Boston, MA 02116 Board of Bar Overseers number:   548670 | |

**Origin Code**

**Original Complaint**

RECEIVED
DEC 28 2004
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| BD.1 | Intellectual Property | * ( B ) | ( ) Yes     ( ) No |

**The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.**

This is a case under category BD.1 involving a claim to determine the use or status of intellectual property. The details are as follows. Defendant Douglas Hobbs ("Hobbs") worked for SRU Biosystems, Inc. ("SRU") as a consultant for the development of a novel colorimetric resonant biosensor. Before beginning work as a consultant, Hobbs agreed to keep all information relating to the biosensor technology confidential. Hobbs did not have experience with biosensor devices before working as a consultant to SRU. On October 25, 2000 Hobbs executed a Memorandum of Understanding ("MOU") in which he agreed to "Assign irrevocably and exclusively on a royalty free basis to SRU, and/or its designee, all rights pertaining to the jointly-developed technology as it applies to biochemical and biological testing, sensing, and/or detection." Subsequent to the signing of the MOU, SRU filed numerous patent applications relating to the development of the biosensor technology. The applications named Hobbs and a number of SRU employees as investors. SRU has asked Hobbs to execute an assignment of the applications pursuant to the terms of the MOU, but Hobbs has refused to execute the assignment. SRU now seeks an injunction for Hobbs to execute an assignment of the applications. SRU also seeks damages in an amount of at least $250,000 relating to Hobbs' refusal to assign the applications.

**\*A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     DATE: Ja. 27, 2004

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____,200____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 200____.                    _____

**N.B.    TO PROCESS SERVER:–**
PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

                                                        , 200    .

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No._____

SRU BIOSYSTEMS, INC. _____, Plff(s).

v.

DOUGLAS HOBBS _____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

**CIVIL ACTION COVER SHEET
INSTRUCTIONS**

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

BA.1 claims relating to the governance and conduct of internal affairs of entities

BA.2 claims relating to employment agreements

BA.3 claims relating to liability of shareholders, directors, officers, partners, etc

BB.1 shareholder derivative claims

BB.2 claims relating to or arising out of securities transactions

BC.1 claims involving mergers, consolidations, sales of assets, issuance of debt, equity and like interests

BD.1 claims to determine the use or status of, or claims involving, intellectual property

BD.2 claims to determine the use or status of, or claims involving, confidential, proprietary or trade secret information

BD.3 claims to determine the use or status of, or claims involving restrictive covenants

BE.1 claims involving breaches of contract or fiduciary, fraud, misrepresentation, business torts or other violations involving business relationships

BF. 1 claims under the U.C.C. involving complex issues

BG.1 claims arising from transactions with banks, investment bankers and financial advisers, brokerage firms, mutual and money funds

BH.1 claims for violation of antitrust or other trade regulation laws

BH.2 claims of unfair trade practices involving complex issues

BI. 1 malpractice claims by business enterprises against professionals

BJ.1 claims by or against a business enterprise to which a government entity is a party

BK.1 other commercial claims, including insurance, construction, real estate and consumer matters involving complex issues

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| BD3 | Restrictive covenants | *(B) | [X] Yes   [ ] No |

**DUTY OF THE PLAINTIFF.** The plaintiff, or plaintiff's counsel, shall set forth, on the face sheet, a statement specifying in full detail the facts upon which the plaintiff then relies for "presumptive" entry into the Business Litigation Session. A copy of the civil action cover sheet shall be served on all defendants, together with the complaint.

**DUTY OF THE DEFENDANT.** Should the defendant contest the entry into the Business Litigation Session, the defendant shall file with the answer (or dispositive motion) a statement specifying why the action does not belong in the Business Litigation Session. Such Statement shall be served with the answer (or dispositive motion).

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN THE TRANSFER OF THIS ACTION FROM THE BUSINESS LITIGATION SESSION TO ANOTHER APPROPRIATE SESSION OF THE SUPERIOR COURT.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Initial Rule 16 Conference.

FEDERAL IDENTIFICATION
NO. _____



Examiner

# The Commonwealth of Massachusetts

**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

Name
Approved

## FOREIGN CORPORATION CERTIFICATE
### (General Laws, Chapter 181, Section 4)

We, <u>Owen A. Dempsey</u> _____ , *President / ~~Vice President~~,

and <u>Brant L. Binder</u> _____ , ~~XXXX~~ / ~~Assistant Clerk or~~ *Secretary / ~~Asst. Secretary~~,

of <u>SRU Biosystems, Inc.</u> _____ ,
*(Exact name of corporation)*

in compliance with the provisions of General Laws, Chapter 181, Section 4, certify as follows:

1. Exact name of the corporation, including any words or abbreviations indicating incorporation or limited liability:

SRU Biosystems, Inc.

2. If the exact name of the corporation is not available for use in the Commonwealth of Massachusetts, state the name the corporation *will use* to transact business in the Commonwealth of Massachusetts:

3. The corporation is organized under the laws of:

Delaware

4. The date of its organization is:

February 15, 2002

5. The location of its principal office is:

14-A Gill Street, Woburn, MA 01801

6. The activities of the corporation within the Commonwealth of Massachusetts are:

Research, development and marketing

C ☐
M ☐
R.A. ☑

7. The location of its office in Massachusetts, if any, is:

14-A Gill Street, Woburn, MA 01801

8. The name and street address of the resident agent of the Corporation in the Commonwealth of Massachusetts is:

Brant L. Binder, 14-A Gill Street, Woburn, MA 01801

9. The date on which the corporation's fiscal year ends is:

December 31

10. If the corporation's existence is other than perpetual, state the duration of existence:

N/A

P.C.

*Delete the inapplicable words.*

11. The name and business address of the officers and directors of the corporation are as follows:

| | NAME | BUSINESS ADDRESS |
|---|---|---|
| President: | Owen A. Dempsey | 14-A Gill St., Woburn, MA 01801 |
| *Vice-President: | | |
| Treasurer: | (vacant) | |
| Clerk or Secretary: | Brant L. Binder | 14-A Gill St., Woburn, MA 01801 |
| *Assistant Clerk or Assistant Secretary: | | |
| Directors: | Gordon Binder | 11111 Santa Monica Blvd., Los Angeles, CA 90025 |
| | Owen A. Dempsey | 14-A Gill St., Woburn, MA 01801 |
| | Brant L. Binder | 14-A Gill St., Woburn, MA 01801 |
| | Brian Cunningham | 14-A Gill St., Woburn, MA 01801 |

*Please provide the name and business address of the Vice President and Assistant Clerk/ Assistant Secretary if they are executing this certificate.

12. Please indicate the fees a Massachusetts corporation would be required to pay to register to do business in the state of incorporation:

$120.00

13. Attached to this certificate shall be a Certificate of Legal Existence of such foreign corporation issued by an officer or agency properly authorized in the state or country in which such foreign corporation was organized or other evidence of legal existence acceptable to the Secretary. If such certificate or other evidence of such legal existence is in language other than English, a translation thereof, under oath of the translator, shall also be attached.

SIGNED UNDER THE PENALTIES OF PERJURY, this _4th_ day of _June_, 20 _04_.

_____, *President / *Vice ~~President~~,

_____, *Clerk / *Assistant Clerk or *Secretary / *Assistant Secretary.

*Delete the inapplicable words.

# Delaware

PAGE 1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "SRU BIOSYSTEMS, INC." IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-EIGHTH DAY OF MAY, A.D. 2004.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE BEEN FILED TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 3140747

DATE: 05-28-04

3492549   8300

040398676

\# 7641

THE COMMONWEALTH OF MASSACHUSETTS

## FOREIGN CORPORATION CERTIFICATE
### (General Laws, Chapter 181, Section 4)

I hereby approve the within Foreign Corporation Certificate and, the filing fee in the amount of $ ___400___ having been paid, said certificate is deemed to have been filed with me this ___10___ day of ___JUN___ , 20 04 .

886936

_William Francis Galvin_

**WILLIAM FRANCIS GALVIN**
*Secretary of the Commonwealth*

SECRETARY OF STATE
RECEIVED
04 JUN 10 AM 11: 17
CORPORATIONS DIVISION

## TO BE FILLED IN BY CORPORATION
### Photocopy of document to be sent to:

Eleanor Coleman, c/o Goulston & Storrs, P.C.

400 Atlantic Avenue

Boston, Massachusetts 02110

Telephone: 617-574-4115

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

SRU BIOSYSTEMS, INC.,           )
                                )
      Plaintiff                 )
                                )
      v.                        )       CIVIL ACTION
                                )       NO: 04-5628
DOUGLAS S. HOBBS,               )
                                )
      Defendant                 )
                                )

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

## DEFENDANT'S ANSWER

The Defendant, Douglas Hobbs, for his answer to the Complaint for Breach of Contract

and Unfair and Deceptive Trade Practices ("Mr. Hobbs"), states as follows:

## JURISDICTION AND VENUE

1. Mr. Hobbs is without knowledge or information sufficient to form a belief as to the truth

   of the allegations set forth in paragraph 1 regarding the Plaintiff's state of incorporation,

   its principal place of business, or Plaintiff's alleged predecessor.

2. Admitted.

## COUNT I
## BREACH OF CONTRACT

3. On information and belief, the Defendant denies that SRU was formed for the purpose of

   developing and marketing a novel colormetric resonant biosensor. On information and

belief, SRU had no knowledge of the colormetric resonant biosensor technology referred to in the Complaint at the time of its formation. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in paragraph 3.

4.    Denied. The Defendant is an expert in holographic effects and structures. Cunningham approached Defendant, and told Defendant that SRU was interested in optical sensing of chemical and biological materials. Defendant then himself conceived of the novel optical effect and hologram sensor structure that allows for the fabrication of a chemical or biological material detector. On information and belief, Cunningham had no prior experience with holographic structures. The Defendant also states that Cunningham made no contribution to the conception of the novel optical effect or hologram sensor structure that was conceived of by the Defendant.

5.    Denied. The Defendant states that it was Cunningham acting on behalf of SRU that agreed to keep all information relating to the Defendant's novel optical effect and hologram sensor structure confidential. The Defendant further states that Cunningham has acknowledged that the Defendant owns the novel optical effect and hologram sensor structure disclosed to the Plaintiff by the Defendant in a meeting held at SRU on September 19, 2000. The purpose of the September 19, 2000 meeting was to discuss a potential agreement whereby SRU would license the use of Defendant's novel optical effect and hologram sensor structure in the field of biochemistry from the Defendant, and the Defendant would provide consulting services and the use of his hologram fabrication equipment to help in the development of biosensor products based on the Defendant's novel optical effect and hologram sensor structure.

6.    Denied. The Defendant states that after the September 19, 2000 meeting with SRU, he fabricated sample holographic structures that could be used to demonstrate his novel optical effect and hologram sensor structure, and then arranged for a demonstration to SRU.

7. Denied. The Defendant received no compensation and was not a formal consultant to SRU until after execution of the MOU. The Defendant's formal consultation began on November 1, 2000. The Defendant's principle consultative role was to utilize his extensive background and expertise in the manufacture of holographic structures to fabricate and demonstrate a practical biosensor device incorporating his novel optical effect and hologram sensor structure.

8. Admitted that this document was executed on October 25, 2000. Denied as to all other allegations in paragraph 8.

9. Admitted that paragraph 2 of Section III of the Memorandum of Understanding, signed on October 25, 2000, states that Mr. Hobbs is obligated to assign "all rights pertaining to any jointly-developed technology as it applies to biochemical and biological testing, sensing and/or detection." The Defendant denies that the Defendant's novel optical effect and hologram sensor structure, both conceived and demonstrated before the execution of the MOU, constitutes "jointly-developed technology" under the MOU. Denied as to all other allegations in paragraph 9.

10. Admitted that paragraph 2 of Section II of the Memorandum of Understanding, signed on October 25, 2000, states that SRU is obligated to assign "all rights to use the jointly-developed technology in video display, optical switches, and optical filters for telecommunications applications." No such assignment has been made. Denied as to all other allegations in paragraph 10.

11. Admitted that Mr. Hobbs provided Mr. Cunningham with a computer simulation of Mr. Hobbs' novel optical effect and hologram sensor structure and taught Mr. Cunningham how to use the simulation to promote development of a commercial product based on Mr. Hobbs' novel optical effect and hologram sensor structure. Denied as to all other allegations in paragraph 11.

12. Admitted that Mr. Hobbs is named as a co-inventor on U.S. Patent Applications Serial Nos. 09/929,957 and 10/415,037. The Defendant also states that SRU filed another U.S.

Utility Patent Application (Publication No. US2002/0127565) on August 15, 2001 which is identical in its specification, word for word, to the SRU application referred to as Serial No. 09/929,957, *except* that the Defendant was not named as an inventor. Mr. Hobbs is without sufficient knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 12.

13.    Denied. The subject matter of the applications includes the novel optical effect and hologram sensor structure, conceived of solely by the Defendant, to detect chemical and biological matter.

14.    The Defendant denies that the subject matter of the applications constitutes jointly-developed technology as intended by the MOU.

15.    Admitted.

16.    Denied. The Defendant states that his novel optical effect and hologram sensor structure were conceived of and documented prior to his agreement to develop a practical product with SRU – pursuant to the MOU

17.    Admitted.

18.    Denied. The MOU, to the extent it created an obligation on the part of the Defendant, did not encompass technology or inventions conceived of solely by the Defendant.

19.    The Defendant denies that he has breached any term of any valid and enforceable agreement with the plaintiff.

<u>**COUNT II**</u>
**UNFAIR AND DECEPTIVE TRADE PRACTICES**

20.    Mr. Hobbs repeats and reavers his answers to paragraphs 1 through 19, inclusive, of the plaintiff's complaint, as if expressly rewritten and set forth herein.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Memorandum of Understanding, executed on October 25, 2000, is merely a preliminary expression of intent and is not an enforceable contract.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's complaint, and each count therein, is barred based on the Doctrine of Unclean Hands.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's complaint, and each count therein, is barred by the plaintiff's breach of implied covenant of good faith and fair dealing.

## JUDGMENT REQUESTED

WHEREFORE, Mr. Hobbs prays that this Court:

I.    Enter judgment dismissing the Complaint of the plaintiff, SRU Biosystems, Inc., against Douglas Hobbs, with costs and attorneys' fees to Douglas Hobbs; and

II.    That the Court grant such additional relief to Mr. Hobbs as the Court deems just and proper.

## <u>VERIFICATION</u>

I, **Douglas S. Hobbs**, verify the factual averments set forth above to the extent they are known to

me or where so stated are on the basis of information and belief.



_____

Douglas S. Hobbs          19 JAN 2005

Respectfully submitted,

The defendant,
By his attorney,

_____

Brian M. Dingman (BBO #548979)
Jenifer E. Haeckl (BBO #632952)
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 West Park Drive
Westborough, MA 01581-3941
Phone: (508) 898-1501
Fax:    (508) 898-1502

Dated: January 19, 2005

## CERTIFICATE OF SERVICE

I, Brian M. Dingman, counsel for the defendant, hereby certify that on this date I served the foregoing on the plaintiff by facsimile, and by mailing a copy thereof, postage prepaid, to counsel for the plaintiff, Timothy C. Blank, Esq., Dechert LLP, 200 Clarendon Street, Boston, MA 02116-5021.

date:    January 19, 2005

_____
Brian M. Dingman

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SRU BIOSYSTEMS, INC.     :
    Plaintiff,      :
            :
v.             :
            :  CIVIL ACTION NO. 05-201-SLR
DOUGLAS S. HOBBS,     :
JAMES J. COWAN, and    :
COHO HOLDINGS, LLC    :
    Defendants.    :

### AFFIDAVIT OF DOUGLAS S. HOBBS

I, Douglas S. Hobbs, declare:

1. I am an individual residing in Lexington, Massachusetts. I am also the president of Coho Holdings, LLC. Coho Holdings is a limited liability company organized and existing under the laws of the State of Delaware. However, Coho Holdings' sole place of business is in Burlington, Massachusetts. Coho Holdings is a small business with three employees, including the Defendants Mr. James Cowan and me. Mr. Cowan also resides in Lexington, Massachusetts.

2. Coho does not have a place of business in Delaware and does not do business in Delaware. As far as I am aware, none of the events from which SRU's lawsuit purportedly arises occurred in Delaware. All of Coho's anticipated witnesses and documents are located in Massachusetts.

3. It would be a tremendous burden on Coho Holdings and me to defend a lawsuit in Delaware, particularly when neither Coho Holdings nor I have any significant connections with anyone in Delaware.

Signed under the pains and penalties of perjury this 8th day of June, 2005.

_____
Douglas S. Hobbs

# EXHIBIT D

Court File No.

## FEDERAL COURT

BETWEEN:

SRU BIOSYSTEMS, INC.
BRIAN T. CUNNINGHAM

Applicants

-and-

DOUGLAS S. HOBBS,
JAMES J. COWAN,
COHO HOLDINGS, LLC, and
THE COMMISSIONER OF PATENTS

Respondents

APPLICATION UNDER the *Federal Courts Act*, R.S.C. 1985, c. F-7, as amended, s. 20 and the *Patent Act*, R.S.C. 1985, c. P-4, as amended, s. 52, concerning Canadian Patent Application No. 2,396,859.

## NOTICE OF APPLICATION

TO THE RESPONDENT:

A PROCEEDING HAS BEEN COMMENCED by the applicant. The relief claimed by the applicant appears on the following page.

THIS APPLICATION will be heard by the Court at a time and place to be fixed by the Judicial Administrator. Unless the Court orders otherwise, the place of hearing will be as requested by the applicant. The applicant requests that this application be heard at Ottawa, Ontario.

IF YOU WISH TO OPPOSE THIS APPLICATION, to receive notice of any step in the application or to be served with any documents in the application, you or a solicitor acting for you must prepare a notice of appearance in Form 305 prescribed by the *Federal Court Rules, 1998* and serve it on the applicant's solicitor, or where the applicant is self-represented, on the applicant, WITHIN 10 DAYS after being served with this notice of application.

Copies of the *Federal Court Rules, 1998,* information concerning the local offices of the Court and other necessary information may be obtained on request to the Administrator of this Court at Ottawa (telephone 613-992-4238) or at any local office.

IF YOU FAIL TO OPPOSE THIS APPLICATION, JUDGMENT MAY BE GIVEN IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU.

Date: _____

Issued by: _____ *(Registry Officer)*

Address of local office:  Federal Court of Canada
90 Elgin Street, 1st Floor
Ottawa, Ontario
Canada, K1A 0H9


To:  DOUGLAS S. HOBBS
1998 Massachusetts Avenue,
Lexington, Massachusetts, 02421-4803
United States of America

And To:  JAMES J. COWAN
9 Winston Road,
Lexington, Massachusetts, 02421-7925
United States of America

And To:  COHO HOLDINGS, LLC
15 A Street,
Burlington, Massachusetts, 01803-3404
United States of America

And To:  COMMISSIONER OF PATENTS
Canadian Intellectual Property Office
Place du Portage I
50 Victoria Street, Room C-114
Gatineau, Quebec, K1A 0C9
Canada

## APPLICATION

**The applicants make application for:**

1.    A declaration, pursuant to Section 20 of the *Federal Courts Act*, that SRU Biosystems, Inc. is a co-owner of Canadian Patent Application No. 2,396,859;

2.    A declaration, pursuant to Section 20 of the *Federal Courts Act*, that Brian T. Cunningham is a co-inventor of Canadian Patent Application No. 2,396,859;

3.    An order, pursuant to Section 52 of the *Patent Act,* that the entry in the records of the Canadian Patent Office for Canadian Patent Application No. 2,396,859 be amended to include Brian T. Cunningham as a co-inventor;

4.    An interlocutory and permanent injunction, pursuant to s.44 of the *Federal Courts Act*, restraining CoHo Holdings, LLC, their officers, employees and agents, and everyone over whom they exercise control from disposing of, encumbering, diluting or otherwise forestalling the preservation and maintenance of Canadian Patent Application No. 2,396,859 without the prior written consent and/or instructions of the applicants or until final judgment is rendered upon the present proceeding;

5.    An interlocutory and permanent injunction, pursuant to s.44 of the *Federal Courts Act*, restraining CoHo Holdings, LLC, their officers, employees and agents, and everyone over whom they exercise control from amending, deleting or dividing any claims in Canadian Patent Application No. 2,396,859 without the prior written consent and/or instructions of the applicants or until final judgment is rendered upon the present proceeding;

6.    An interlocutory and permanent injunction, pursuant to s.44 of the *Federal Courts Act*, restraining CoHo Holdings, LLC, their officers, employees and agents, and everyone over whom they exercise control from any action that may adversely affect any patentable rights in and to the subject matter disclosed in Canadian Patent Application No. 2,396,859, whether or not

claimed therein, without the prior written consent and/or instructions of the applicants or until final judgment is rendered upon the present proceeding; and

7.    An order against the Respondents, CoHo, Hobbs and Cowan, jointly and severally, for:

(a) the costs of and incidental to this application, including solicitor and client costs;

(b) exemplary damages; and

(c) such further and other relief as this Honourable Court may deem to be just and proper.

**The grounds for the application are:**

1.    The Applicant, SRU Biosystems, Inc. ("SRU") is a Delaware corporation having its principal place of business at 14-A Gill Street, Woburn Massachusetts 01801. SRU has developed, and is commercializing, a novel biosensor device that is a significant advance in the field of diagnostics and drug discovery. Currently, SRU has over thirty pending Canadian and foreign patent applications that relate to the unique biosensor concept.

2.    The Applicant, Dr. Brian T. Cunningham, Ph.D. ("Dr. Cunningham") resides at 1705 Brighton Court, Champaign, Illinois, United States of America. Dr. Cunningham is a research scientist, and is one of the founders of SRU. He has been the Chief Technical Officer of SRU since he co-founded the company in 2000. At all relevant times, Dr. Cunningham's rights to his inventions were assigned to SRU. In addition to his duties at SRU, Dr. Cunningham is currently an Associate Professor at the University of Illinois, Champaign Illinois.

3.    The Respondent, Douglas S. Hobbs ("Hobbs"), resides at 1998 Massachusetts Avenue, Lexington, Massachusetts, 02421-4803, U.S.A. Hobbs is a manager of CoHo.

4.    The Respondent, James J. Cowan ("Cowan"), resides at 9 Winston Road, Lexington, Massachusetts, 02421-7925, U.S.A. Cowan is a manager of CoHo.

5.    The Respondent, CoHo Holdings, LLC ("CoHo"), is a Delaware Limited Liability Company with its principal office at 15 A Street, Burlington, Massachusetts, 01803-3404, U.S.A.

6.    The Respondent, the Commissioner of Patents, is appointed pursuant to Section 4 of the *Patent Act* by the Governor in Council and is obliged to exercise the powers and to perform the duties conferred and imposed on him by or pursuant to the *Patent Act*, including the maintenance of the Patent Office records.

7.    Canadian Patent Application No. 2,396,859 (the "'859 application") was filed on   August 6, 2002 and names CoHo Holdings, LLC as the applicant and Douglas S. Hobbs and James J. Cowan as inventors.

8.    By an Assignment dated November 6, 2002, CoHo acquired Hobbs' and Cowan's "entire right, title and interest throughout the world in the inventions and improvements which are the subject of Canadian Patent Application No. 2,396,859."

9.    Dr. Cunningham is an inventor of the optical biosensor device described and claimed in the '859 application. Accordingly, by virtue of Dr. Cunningham's employment and fiduciary obligations to SRU, SRU is the co-owner of the '859 application.

10.    In mid-2000, Dr. Cunningham conceived of a biosensor that uses a resonant reflection optical device that is based upon an optical phenomenon known as

"Wood's Anomaly." This phenomenon is exhibited by an optical device known as a Guided Mode Resonant Filter ("GMRF"). One of Dr. Cunningham's initial concepts was to create a biosensor by placing a coating of chemically or biologically active material on the surface of such a device, and measuring the change of wavelength of the resonant reflection from the device as a result of a chemical reaction or deposition of material on its surface

11.    In September 2000, Dr. Cunningham discussed with Hobbs the fabrication of optical grating structures for use in a biosensor. Prior to this time, Respondent Cowan had developed a three-dimensional optical structure known as an "Aztec structure." Like many other optical structures, the Aztec structure exhibits resonant reflection. After learning of Cowan's Aztec structure, Dr. Cunningham conceived of the idea of coating a surface of that structure with a chemically or biologically reactive material to create a biosensor. While the Aztec structure is not a GMRF, Dr. Cunningham was interested in testing the Aztec structure to study the effect of a layer of chemical or biological material on a device that exhibits resonant reflection.

12.    Dr. Cunningham revealed his idea of a biosensor based on the Aztec structure (the "Aztec Biosensor") to Hobbs and Cowan. Hobbs had experience in photolithography, a technology that was at that time considered to be useful in manufacturing the Aztec structure. Prior to Dr. Cunningham's disclosure of his ideas related to biosensors, Hobbs and Cowan had no experience with biosensor devices. In September 2000, Dr. Cunningham and Hobbs worked together to fabricate and test a biosensor based upon the Aztec structure.

13.    At least as early as October 1, 2000, SRU hired Hobbs as a consultant to assist Dr. Cunningham in the fabrication of the optical component of the biosensor based on "Wood's Anomaly," such as a GMRF. As a consultant for SRU, Hobbs fabricated various two-dimensional embodiments of the optical component for a biosensor. These embodiments of the optical component were designed in part or in total by Dr. Cunningham.

14. Hobbs continued as a consultant to SRU until about June 30, 2001. Hobbs was fully compensated for the services he provided to SRU.

15. Dr. Cunningham conceived, either solely or jointly, several aspects of the optical devices described and claimed in the '859 application. For example, Dr. Cunningham conceived of a substrate having a surface relief structure containing a dielectric body with physical dimensions smaller than the wavelength of filtered electromagnetic waves, where the structure repeats in a two dimensional array covering at least a portion of the substrate. Dr. Cunningham also conceived, either solely or jointly, a coating on such a structure to form a GMRF, and a chemical or biological layer on the coating onto which sample material can deposit.

16. Dr. Cunningham shared his ideas with respect to biosensors with Cowan and Hobbs prior to the filing of the '859 application.

17. SRU filed a number of patent applications in Canada and other foreign jurisdictions related to Dr. Cunningham's concept of the biosensor device ("the SRU applications"). SRU recognized Hobbs' contribution to certain embodiments of the biosensor and as such, SRU named Hobbs as a co-inventor on the SRU applications claiming those embodiments. Although he initially agreed to do so, Hobbs has since refused to assign to SRU his rights in the SRU applications to the extent the applications are directed to biosensors. Instead, Hobbs and Cowan filed their own patent applications in Canada and other foreign jurisdictions directed to the biosensor conceived by Dr. Cunningham, including the '859 application. Hobbs and Cowan, however, failed to include Dr. Cunningham as an inventor on their patent applications, including the '859 application.

18. Because Dr. Cunningham conceived of the subject matter described throughout and in at least one of the claims of the '859 application, Dr. Cunningham is and should rightfully be named as an inventor of the '859 application.

19.    SRU, as the assignee of Dr. Cunningham's rights to the invention, is entitled to an undivided interest in all right, title and interest as co-owner of the '859 application.

20.    Pursuant to s.52 of the *Patent Act*, SRU is entitled to an order directing the Commissioner of Patents to vary the entry in the records of the Patent Office to include Brian T. Cunningham as an inventor.

21.    Pursuant to s.20 of the *Federal Courts Act*, SRU is entitled to a declaration that Dr. Cunningham is an inventor and that SRU is a co-owner of the '859 application.

**This application will be supported by the following material:**

(a) the affidavit of Brian T. Cunningham including the exhibits attached thereto; and

(b) such further and other material as Counsel may advise and this Honourable Court may permit.

DATED at Ottawa, Ontario this 3rd day of May 2005.

MARUSYK MILLER & SWAIN LLP
Barristers and Solicitors
270 Albert Street, 14th Floor
Ottawa, Ontario K1P 5G8
Canada

Scott Miller
Victor Choi

Tel:    (613) 567-0762
Fax:    (613) 563-7671

Solicitors for the Applicants

# EXHIBIT E

Court File No.: 05-CV-30946

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE

**BETWEEN:**

### SRU BIOSYSTEMS, INC.

Plaintiff

- and -

### DOUGLAS S. HOBBS,
### JAMES J. COWAN and
### COHO HOLDINGS, LLC

Defendants

### STATEMENT OF CLAIM

### TO THE DEFENDANTS

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the plaintiff. The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting for you must prepare a statement of defence in Form 18A prescribed by the Rules of Civil Procedure, serve it on the plaintiff's lawyer or, where the plaintiff does not have a lawyer, serve it on the plaintiff, and file it, with proof of service in this court office, WITHIN TWENTY DAYS after this statement of claim is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of America, the period for serving and filing your statement of defence is forty days. If you are served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a statement of defence, you may serve and file a notice of intent to defend in Form 18B prescribed by the Rules of Civil Procedure. This will entitle you to ten more days within which to serve and file your statement of defence.

1

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU. If you wish to defend this proceeding but are unable to pay legal fees, legal aid may be available to you by contacting a local legal aid office.

May 3, 2005.                                  Issued by: _____

                                                          Local Registrar
                                                          161 Elgin Street
                                                          Ottawa, Ontario
                                                          K2P 2K1


To:          COHO HOLDINGS, LLC
             15 A Street
             Burlington, Massachusetts
             01803-3404
             U.S.A.

And to:      Douglas S. Hobbs
             1998 Massachusetts Avenue
             Lexington, Massachusetts
             02421-4803
             U.S.A.

And to:      James J. Cowan
             9 Winston Road
             Lexington, Massachusetts
             02421-7925
             U.S.A.

# CLAIM

1.    The Plaintiff's claim is against the Defendants jointly and severally for:

    (a)    A declaration that the Defendants wrongfully breached contracts they had with the Plaintiff, namely, verbal agreements and the Memorandum of Understanding;

    (b)    A declaration that the Defendants fraudulently misrepresented themselves to the Plaintiff;

    (c)    A declaration that the Defendants conspired and unlawfully interfered with the trade, business and/or economic interests of the Plaintiff;

    (d)    An Order for specific performance of the contracts in (a) *supra*;

    (e)    A declaration of exclusive ownership in favour of the Plaintiff or its designee with respect to Canadian Patent Application No. 2,396,859, attached hereto as **Exhibit 1**, as it relates to the Technology (defined herein);

    (f)    A declaration of exclusive ownership by the Plaintiff of the Technology;

    (g)    An Order requiring the Defendants to execute all necessary instruments to effect an Assignment of the claims relating to the Technology as are pending in Canadian Patent Application No. 2,396,859 in favour of the Plaintiff or its designee;

    (h)    An interlocutory and permanent injunction, pursuant to Section 101 of the *Courts of Justice Act* R.S.O. 1990, c. 43 as amended, restraining the Defendants, their officers, employees and agents, and everyone over whom they exercise control from disposing of, encumbering, diluting or otherwise

forestalling the preservation and maintenance of Canadian Patent Application No. 2,396,859 without the prior written consent and/or instructions of the Plaintiff or until final judgment is rendered upon the present proceeding;

(i)    An interlocutory and permanent injunction, pursuant to Section 101 of the *Courts of Justice Act* R.S.O. 1990, c. 43 as amended, restraining the Defendants, their officers, employees and agents, and everyone over whom they exercise control from amending, deleting or dividing any claims contained in Canadian Patent Application No. 2,396,859 without the prior written consent and/or instructions of the Plaintiff or until final judgment is rendered upon the present proceeding;

(j)    An Order requiring the Defendants to preserve at their own cost Canadian Patent Application No. 2,396,859, until final judgment is rendered upon the present proceeding;

(k)    An award for treble damages in accordance with paragraph 4 of the *Statute on Monopolies*, R.S.O. 1887, c. 323;

(l)    In the alternative, or in addition to section (k), an award for special, general and punitive damages;

(m)   Pre- and post-judgment interest thereon in accordance with the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended;

(n)    An assessment of costs and fees against the Defendants on a solicitor-client scale; and,

(o)    Such other and further equitable relief as this Honourable Court may deem just and proper.

2.      The Plaintiff, SRU Biosystems, Inc. is a Delaware corporation having its principal place of business at 14-A Gill Street, Woburn, Massachusetts 01801, U.S.A. SRU Biosystems, Inc.'s predecessor, SRU Biosystems, LLC, was a limited liability corporation organized under the laws of Delaware having the same principal place of business. Collectively these companies are referred to as "SRU."

3.      The Defendant, Douglas S. Hobbs ("Hobbs"), resides at 1998 Massachusetts Avenue, Lexington, Massachusetts 02421-4803, U.S.A.

4.      The Defendant, James J. Cowan ("Cowan"), resides at 9 Winston Road, Lexington, Massachusetts 02421-7925, U.S.A.

5.      The Defendant, CoHo Holdings, LLC ("CoHo"), is a Delaware limited liability company having its principal place of business at 15 A Street, Burlington, Massachusetts 01803-3404, U.S.A. *See* **Exhibit 2**, attached hereto. Hobbs and Cowan are the managers of CoHo, and on information and belief, are the owners either directly or indirectly of the majority of the shares of CoHo.

6.      On or about March 23, 2000, Dr. Brian T. Cunningham ("Cunningham") corresponded with Hobbs and indicated that he wanted to discuss the idea of developing and patenting an optical biosensor array chip with the possible formation by Cunningham of a company relating to the same. *See* **Exhibit 3**, attached hereto.

7.      On or about June 16, 2000, SRU was formed by Cunningham, Brant Binder and Homer Pien; *see* **Exhibit 4**, attached hereto. As part of this business, Cunningham, the Chief Technical Officer of SRU, conceived of an optical biosensor for chemical, biochemical and biological testing, sensing and/or detection ("Technology").

8.      On or about September 18, 2000, a meeting took place between SRU, Hobbs and Cowan at the offices of SRU to discuss the Technology and teach Hobbs and Cowan about biosensors. The purpose of this meeting was to solicit Hobbs' assistance, as a consultant to SRU, to develop a biosensor device; *see* **Exhibit 5**, attached hereto. Hobbs had experience in photolithography, a technology that was at one time considered to be useful in developing a functional biosensor device. Cowan was Hobbs' business partner, and had developed certain optical structures that Hobbs could fabricate and that Cunningham had identified as potentially useful for the Technology.

9.      At least as early as October 1, 2000, Hobbs was working as a consultant for SRU. Hobbs principal role was that of using photolithography to fabricate grating structures for the biosensor device.      At this time, all work that Hobbs performed with respect to the Technology was in conjunction with Cunningham and SRU. Hobbs was fully compensated for the services he provided to SRU; *see* **Exhibit 6**, attached hereto.

10.      On or about October 19, 2000, further to oral agreements between Cunningham (on behalf of SRU) and Hobbs, Hobbs acknowledged that he would assign any rights to the Technology to SRU.  *See* **Exhibit 7**, attached hereto.

11.      On or about October 20, 2000, further to, or in the alternative of, the oral agreements, SRU and Hobbs, and SRU and Cowan (for Aztec Systems, Inc.), executed Confidentiality Agreements (the "NDAs"), attached hereto as **Exhibit 8**, in which, among other things, each party's expertise was clearly distinguished from the other, for example, the NDAs state that "SRU's knowledge and expertise [was] on the topics of biotechnology, biochemical medical sensors and microarrays, biomedical sensing, scanning, and detection methods and instrumentation, and fluorescent marking and tagging systems and techniques..." and that Hobbs and Aztec's "technical expertise [was] relat[ed] to the production of components or devices utilizing holographic or interferometric lithography, and ... resonant surface structure design ... for displays and telecommunications..."

12.      On or about October 23, 2000, further confirming the oral agreements between SRU and Hobbs, Hobbs corresponded by email with Cunningham indicating that he was desirous of entering into a "joint development agreement" which "should be very simple – clearly defining your ownership of the IP and my exclusive right to use the IP for applications other than biochemical testing."  *See* **Exhibit 9**, attached hereto.

13.      Attached to the email of paragraph 12 *supra*, Hobbs prepared and forwarded to Cunningham a proposed "letter from Homer Pien," attached hereto as **Exhibit 10**,

addressed to himself, in which it was clearly indicated that SRU would own the rights to the Technology as it applied to biochemical testing, while Hobbs would be provided with the right to use the "filtering technology" on an exclusive basis for "other applications such as telecommunications and displays."

14.      On or about October 24, 2000, Cowan and Hobbs, in collaboration with Cunningham and SRU, prepared a presentation, attached hereto as **Exhibit 11**, to be made to Corning Incorporated with respect to the Technology.  The presentation clearly indicated among other things, that "SRU Biosystems will own the intellectual property as it applies to biodetection."

15.      On or about October 25, 2000, SRU and Hobbs executed a Memorandum of Understanding ("MOU"); attached hereto as **Exhibit 12**.  Under the MOU, Hobbs agreed to "[a]ssign irrevocably and exclusively on a royalty free basis to SRU, and/or its designee, all rights pertaining to the jointly-developed technology as it applies to biochemical and biological testing, sensing, and/or detection."

16.      In consideration for the assignment of the rights, Hobbs received the compensation referenced in paragraph 9 *supra*, and in furtherance of the oral agreements and/or the MOU, also received an equitable assignment of rights with respect to telecommunication applications of the Technology and the right to negotiate for exclusive manufacturing rights for the colorimetric resonant biosensor arrays.

17.     Subsequent to the signing of the MOU, development of the Technology continued.  Cunningham and Hobbs continued to work on the development of the biosensor, with Cunningham developing computer simulations of the device and Hobbs attempting to replicate the simulations and designs.

18.     SRU has filed over thirty applications in Canada and other foreign jurisdictions, for inventions relating to a label-free optical technique for chemical, biochemical and biological testing, sensing, and/or detection with the earliest priority claim date being October 30, 2000.

19.     Hobbs' relationship with SRU ended on or about June 22, 2001.  *See* **Exhibit 13**, attached hereto.

20.     The Defendants filed Canadian Patent Application No. 2,396,859 ("CoHo Application) entitled "Optical Device for Filtering and Sensing" on August 6, 2002.  This application names only Hobbs and Cowan as inventors.

21.     The subject matter of the CoHo Application relates in part to the subject matter as described and claimed in the patent applications referenced in paragraph 18, *supra*.

22.     The subject matter of the CoHo Application was confidential information pursuant to the terms of the NDA.

23.      The CoHo Application was filed by Hobbs and Cowan and assigned to CoHo in breach of the verbal agreements and the MOU.

24.      Much of the subject matter of the CoHo Application is jointly developed Technology pursuant to the terms of the MOU.

25.      SRU has asked Hobbs to execute an Assignment of the Technology that is the subject of the MOU and/or of the CoHo Application as it relates to the Technology; however, the Hobbs has refused to execute said Assignment.

26.      Hobbs' failure to assign the Technology and the CoHo Application as it relates to the Technology to SRU constitutes a willful and knowing breach of the terms of the verbal agreements and/or the MOU.

27.      In their business dealings with SRU and in filing the CoHo Application and claiming ownership thereto, the Defendants did fraudulently misrepresent themselves and their intentions with respect to the jointly developed Technology and in doing so did knowingly deceive SRU by withholding information.

28.      In breach of the verbal agreements and/or the MOU, Hobbs has refused to assign to SRU its rights associated with the jointly developed Technology as it applies to biochemical and biological testing, sensing and/or detection.

29.    SRU relied on verbal agreements and/or the MOU to the detriment of their business.

30.    Hobbs and Cowan did conspire to create a joint plan to use unlawful means, including breach of contract and fraudulent misrepresentation, to do harm to SRU.

31.    In breach of their contractual obligations with SRU, the Defendants knowingly and unlawfully caused harm and injury to SRU's business resulting in substantial damages.

32.    At all times relevant to this action, the Plaintiff and the Defendants were engaged in trade or commerce. The Defendants' wrongful acts and omissions set forth herein, including but not limited to conduct in knowing disregard of known contractual arrangements for the purposes of securing benefits for themselves, have been misleading, knowing and willful and among other things, constitute unfair and deceptive acts and practices.

33.    The Plaintiff will continue to suffer loss of money, opportunity, intellectual property rights and/or other property if the Defendants continue their unfair and deceptive business practices. This Honourable Court should use its equitable powers to issue a permanent mandatory order to the Defendants to compel them to execute an exclusive Assignment of the Technology and the CoHo Application (to the extent it relates to the Technology) in favour of the Plaintiff or its designees.

34.      This Court has jurisdiction over this matter pursuant to section 17.02(c)(i) of the

*Rules of Civil Procedure* of Ontario.


35.      The Plaintiff proposes therefore that this action be tried at Ottawa, Ontario.


DATED at Ottawa, Ontario, this 3rd day of May, 2005.

                                    Marusyk, Miller & Swain LLP per:

                                    _____

                                              Barristers and Solicitors
                                      270 Albert Street, 14th Floor
                                                 Ottawa, Ontario
                                                    K1P 5G8

                                                  Scott Miller
                                              LSUC no. 33679I

                                              Sarah Dale-Harris
                                              LSUC no. 46294E

                                      Solicitors for the Plaintiffs
                                    Telephone: (613) 567-0762
                                    Facsimile: (613) 563-7671