IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRU BIOSYSTEMS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-201-SLR |
| | ) |
| DOUGLAS S. HOBBS, JAMES J. COWAN, and | ) |
| COHO HOLDINGS, LLC | ) |
| | ) |
| Defendants. | ) |

**SRU'S ANSWERING BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER VENUE**

ASHBY & GEDDES
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff/Counterclaim
Defendant SRU Biosystems, Inc.*

*Of Counsel:*

John J. McDonnell
James C. Gumina
Patrick G. Gattari
Paula S. Fritsch
McDONNELL BOEHNEN
    HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 913-0001

Dated: July 21, 2005
159688.1

# Table of Contents

I.    Introduction..................................................................................................1

II.   Background Facts........................................................................................2

III.  SRU Chose to File this Lawsuit in Delaware, Not
      Massachusetts .............................................................................................4

   A. The Massachusetts Litigation Involves a Different Dispute than
      the Present Case -- Different Patents, Different Issues and
      Different Law..............................................................................................4

IV.   The Balance of Public and Private Interests Does Not
      Strongly Outweigh SRU's Choice of Forum in Delaware...........................5

   A. None of the Defendants Have a Legitimate Complaint About
      Being Sued in Delaware..............................................................................6

   B. The Convenience Factors Do Not Strongly Outweigh SRU's
      Choice of Forum. ........................................................................................7

   C. CoHo Filed Suit Against SRU in Delaware................................................8

   D. SRU Has Legitimate and Rational Concerns for Choosing
      Delaware .....................................................................................................9

V.    The Defendants Have Used Their Motion to Delay
      Discovery in this Case ................................................................................9

VI.   Conclusion ................................................................................................11

i

## Table of Authorities

**Cases**

BAE Sys. Aircraft Controls Inc. v. Eclipse Aviation Corp.,
   224 F.R.D. 581 (D. Del. 2004) ................................................................................. 5, 6

C.R. Bard Inc. v. Guidant Corp., 997 F. Supp. 556 (D. Del. 1998) .................................... 8

Critikon Inc. v. Becton Dickinson Vascular Access,
   821 F. Supp. 962 (D. Del. 1993) ................................................................................... 6

Jumara v. State Farm Ins. Co., 55 F.3d 873 (3rd Cir. 1995) ............................................ 5, 6

Motorola Inc. v. PC-Tel, Inc., 58 F. Supp. 2d 349 (D. Del. 1999) ................................. 7, 8

Tuff Torq Corp. v. Hydro-Gear Ltd. P'shp, 882 F. Sup 359 (D. Del. 1994) ...................... 6

Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.,
   157 F.R.D. 215 (D. Del. 1993) ...................................................................................... 7

I.  **INTRODUCTION**

A Motion to Transfer should only be granted when the public and private interests strongly outweigh a plaintiff's choice of forum. In the present case, the public and private interests do not outweigh the Plaintiff's choice of Delaware for this litigation. Indeed, for at least the following reasons, the public and private interests weigh in favor of keeping this litigation in Delaware:

(1)  Defendant CoHo Holdings, LLC ("CoHo") is a Delaware Limited Liability Company, which was formed and is presently owned and managed by the Defendants James Cowan and Douglas Hobbs ("Cowan" and "Hobbs");

(2)  Plaintiff SRU Biosystems ("SRU") is a Delaware corporation;

(3)  the Massachusetts state court breach of contract litigation between SRU and Hobbs is completely different than the present litigation because the Massachusetts litigation involves different issues, different patents, and different theories of relief;

(4)  the "Memorandum of Understanding" emphasized in Defendants' Memorandum of Law in Support of their Motion to Transfer (D.I. 12, "Defendants' Memorandum of Law") is completely unrelated to this lawsuit;

(5)  CoHo filed a countersuit against SRU in Delaware for patent infringement;

(6)  there will be no substantial additional burden on the Defendants if this litigation is maintained in Delaware instead of Massachusetts.

Moreover, the Defendants' Motion to Transfer is a veiled attempt at delaying this litigation. In every case involving SRU and the Defendant(s), the Defendant(s) have engaged in a strategy to delay the litigations for as long as possible. The Defendants'

1

Motion to Transfer and their recent request to stay discovery in this case is consistent with that unacceptable strategy.

Because there are no interests that outweigh SRU's choice of forum in Delaware, this Court should deny the Defendants' Motion to Transfer, and prevent needless delay by denying Defendants' request to stay discovery.

## II. BACKGROUND FACTS

Dr. Brian Cunningham is one of the founders of SRU and is SRU's Chief Technology Officer. In 2000 and 2001, SRU retained Hobbs as a consultant to work with Dr. Cunningham to assist in the development of a unique biosensor product. In that role, Hobbs had access to SRU confidential information and trade secrets. After the consulting arrangement terminated, Hobbs and Cowan secretly filed patent applications on SRU's technology without naming Dr. Brian Cunningham as an inventor. (*See* SRU's Complaint, D.I. 1, pp. 4-5, ¶¶ 12-15).

This lawsuit involves those patent applications and the resulting patents (U.S. Patent Nos. 6,870,624 and 6,791,757; "the Patents in Suit"). Cowan and Hobbs assigned the Patents in Suit to CoHo. SRU's Complaint seeks an Order under 35 U.S.C. § 256 directing the Director of the U.S. Patent and Trademark Office ("USPTO") to add Dr. Brian Cunningham as an inventor on the Patents in Suit. SRU also seeks a declaratory judgment that the Patents in Suit are unenforceable because of Cowan's and Hobbs' inequitable conduct in failing to name Dr. Cunningham as an inventor on those patents. CoHo filed counterclaims against SRU for infringement of the Patents in Suit. (D.I. 7).

CoHo is a Delaware Limited Liability Company. On information and belief, CoHo has no operations, no business and no products. It does not even have a telephone number

2

listed for its address in Burlington, Massachusetts. On information and belief, CoHo is a simply a holding company with no plans to commercialize any products. "CoHo" stands for COwan and HObbs. Although they both live in Massachusetts, they sought the protection of Delaware laws to form CoHo. Cowan and Hobbs are the managers of CoHo. (*See* Exh. A). Together, they own, directly or indirectly, an 85% interest in CoHo.[1]

SRU is a Delaware corporation. SRU's principle place of business is in Massachusetts. After five years of research and development, SRU is on the verge of commercializing a unique biosensor product for use by the pharmaceutical industry.

In December 2004, SRU filed a lawsuit against Hobbs in Massachusetts state court for breach of contract and unfair competition. (*See* Exh. D). In that litigation, SRU is seeking an injunction requiring Hobbs to assign certain patents applications to SRU in accordance with a Memorandum of Understanding that was signed by Hobbs and SRU on October 25, 2000. The patent applications at issue in the Massachusetts case are different than the Patents in Suit. The applications at issue in the Massachusetts action, U.S. Patent Application Serial Nos. 09/929,957 and 10/415,037 (and related international applications), were filed by SRU and have different claims and different priority dates than the Patents in Suit in the present case. (*Id.*, p. 3, ¶ 12).

---

[1] In Answers to Interrogatories in the Massachusetts litigation, Hobbs identified himself and "Aztec Systems" as the owners of 85% of CoHo Holdings. (*See* Exh. B, pp. 5-6, Answer to Interrogatory No. 5). On information and belief, Cowan owns Aztec Systems. (*See* Exh. C). Hobbs has refused, however, to identify the owners of the remaining 15% interest in CoHo Holdings.

3

### III. SRU CHOSE TO FILE THIS LAWSUIT IN DELAWARE, NOT MASSACHUSETTS

In their Memorandum of Law, the Defendants argue that "Delaware is not plaintiff SRU's preferred forum" and "Plaintiff SRU chose Massachusetts as the first forum in which to litigate this dispute." (D.I. 12, pp. 1, 5). That is an odd argument considering that SRU filed this lawsuit in Delaware. If SRU wanted Massachusetts as the forum for this litigation, it would have filed its Complaint there. SRU chose and prefers Delaware.

#### A. The Massachusetts Litigation Involves a Different Dispute than the Present Case -- Different Patents, Different Issues and Different Law

Defendants attempt to relate this litigation to the Massachusetts litigation by peppering their Memorandum of Law with references to the "Memorandum of Understanding," which is the contract underlying SRU's breach of contract suit against Hobbs, personally, in Massachusetts. The Memorandum of Understanding, however, is completely irrelevant to the present case.

The present case is an inventorship dispute and, by virtue of CoHo's Counterclaims, a patent infringement dispute. Neither SRU's Complaint nor the Defendant's Counterclaims ever mention or attempt to implicate the Memorandum of Understanding. None of the legal theories in this case involve the Memorandum of Understanding in any way. In fact, the patent applications at issue in the Massachusetts litigation are different than the Patents in Suit in the present case. The relief sought by SRU in this litigation – an Order directing the Director of the USPTO to add Dr. Cunningham as an inventor on the Patents in Suit – is completely different than the injunction and damages that SRU seeks in Massachusetts. Likewise, Defendant CoHo's counterclaims for patent infringement involve issues that are completely distinct from any issue in the Massachusetts litigation.

Moreover, the Massachusetts litigation involves only Defendant Hobbs, not Cowan or CoHo. The only discovery that has taken place in that case is SRU's written discovery to Hobbs, which so far he has only partially answered.

Unlike the Massachusetts case, which involves Massachusetts state law, every issue in this case involves U.S. patent laws under Title 35 of the United States Code. In their Memorandum of Law, the Defendants offered no explanation regarding why the Memorandum of Understanding has any relevance to this case. In fact, Defendants are completely incorrect to suggest that Massachusetts law should apply to any issue in this lawsuit. (*See* Defendants' Memorandum of Law, D.I. 12, p. 6).

Because the present case is distinct from the Massachusetts litigation, that litigation is not an indication of SRU's choice of forum and should not carry any weight in the consideration of whether Delaware is the appropriate forum.

## IV. THE BALANCE OF PUBLIC AND PRIVATE INTERESTS DOES NOT STRONGLY OUTWEIGH SRU'S CHOICE OF FORUM IN DELAWARE

In Delaware, SRU's choice of forum is given substantial deference. *BAE Sys. Aircraft Controls Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 588 (D. Del. 2004)(Robinson, J.). When reviewing a motion to transfer, courts must balance various private and public interests. *Id.; Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3rd Cir. 1995). The private interests are: (1) the plaintiff's choice of forum, (2) the defendant's preferred forum, (3) whether the claim arose elsewhere, (4) the convenience of the parties due to their relative physical and financial conditions, (5) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (5) the location of books and records, to the extent that

5

these books and records could not be produced in a certain forum. *Id*. The public interests are: (1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases. *Id*.

For transfer of this litigation to be proper, the balance of interests must strongly weigh in favor of transfer. *BAE Sys.*, 224 F.R.D. at 588. In the present case, the Defendants have failed to show any combination of factors that strongly weigh in favor of transferring this case to Massachusetts. In fact, the factors weigh against transfer. Thus, Defendants' Motion to Transfer should be denied.

### A.   None of the Defendants Have a Legitimate Complaint About Being Sued in Delaware

CoHo is a Delaware Limited Liability Company, and thus is a citizen of Delaware. Cowan and Hobbs are the founders, managers and owners of CoHo. As a citizen of Delaware, CoHo, and its managers and owners -- Cowan and Hobbs -- must anticipate being hauled into court in Delaware. *See Tuff Torq Corp. v. Hydro-Gear Ltd. P'shp*, 882 F. Sup 359, 363 (D. Del. 1994) (Robinson, J.), citing *Critikon Inc. v. Becton Dickinson Vascular Access,* 821 F. Supp. 962, 964 (D. Del. 1993) ("The fact that [defendant] incorporated in Delaware should not be regarded lightly. By incorporating in Delaware it can be assumed that [defendant] desired the benefits it believed Delaware provides.... [Defendant] chose Delaware as its legal home and should not now complain that another corporation has decided to sue [it] there."). If Cowan, Hobbs and CoHo did not want to be sued in Delaware, they should not have formed CoHo in Delaware.

6

Moreover, SRU is a Delaware corporation and, thus, also a citizen of Delaware. This Court has a legitimate interest in resolving disputes between its citizens that have sought the protection of Delaware laws. *Motorola Inc. v. PC-Tel, Inc.*, 58 F. Supp. 2d 349, 356 (D. Del. 1999).

### B.    The Convenience Factors Do Not Strongly Outweigh SRU's Choice of Forum.

Defendants assert that since CoHo is a small company of three employees, including Cowan and Hobbs, it would be a "significantly greater financial burden" to litigate in Delaware. (D. I. 12, p. 6). Cowan and Hobbs, however, purposely formed CoHo as a Delaware Limited Liability Company. They can not now argue that they are burdened by that choice.

Moreover, it is unlikely that Cowan or Hobbs will need to personally appear in Delaware, unless they chose to do so. Indeed, as this Court recognizes, technological advances have "reduced the burden of having to litigate in a distant forum … lawyers in this case know that within a matter of minutes they can prepare a paper in [Massachusetts], serve it on counsel in [Chicago], file it with the Clerk in Delaware, and deliver it to the Court for a telephone conference call linking lawyers in three or four different cities." *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.,* 157 F.R.D. 215, 218 (D. Del. 1993).

Furthermore, on information and belief, CoHo has no business operations of any kind. Therefore, no business of CoHo will be disrupted because this litigation is pending in Delaware instead of Massachusetts.

The presence of the documents in Massachusetts is irrelevant to the determination of venue. Both parties can produce their documents in Massachusetts. Thus, the issue of

7

documentary evidence creates no greater burden on either party because this litigation is pending in Delaware instead of Massachusetts.

Not all of the witnesses are located in Massachusetts. SRU's primary witness, Dr. Brian Cunningham, resides in Illinois. At this time, SRU does not know what third-party witnesses may need to be deposed or appear for trial.

Overall, the Defendants have made no credible showing that the litigation of this case in Delaware will be substantially more burdensome to the parties or witnesses than if the case was litigated in Massachusetts. Whatever real, not feigned, extra burden on the Defendants will be inconsequential in light of the totality of the litigation. Accordingly, the convenience factors do not strongly outweigh SRU's choice to have this case tried in Delaware.

### C. CoHo Filed Suit Against SRU in Delaware

CoHo filed its Counterclaims for patent infringement against SRU in Delaware. (D.I. 7). If CoHo thought that Massachusetts was the correct forum to resolve disputes involving the Patents in Suit, it should have filed its patent infringement action there. Instead, CoHo chose to sue SRU in Delaware. By filing its counterclaims here, CoHo can not now complain that this is an inconvenient forum. *See Motorola,* 58 F. Supp. 2d at 351 and 357-58 n. 11.

### D. SRU Has Legitimate and Rational Concerns for Choosing Delaware

Because plaintiffs choice of forum is a "paramount consideration" when considering a transfer request, a court should give deference to the plaintiff's choice when it is due to "legitimate, rational concerns." *C.R. Bard Inc. v. Guidant Corp.,* 997 F. Supp. 556, 562 (D. Del. 1998).

SRU is a Delaware corporation and, therefore, is suing in its home state. In addition, SRU is a new company that has yet to fully commercialize its biosensor product. Resolving, as soon as practical, disputes involving intellectual property is one of SRU's important business objectives. The time to trial in Delaware is significantly better in Delaware than in Massachusetts. (*See* Exh. E). SRU recently completed a patent infringement trial involving its technology before Judge Farnan. *Corning Inc. v. SRU Biosystems, LLC*, Civ. Action No. 03-633-JJF. SRU has established relationships with Delaware counsel who have been involved with SRU for some time.

All of these factors demonstrate a legitimate and rational basis for selecting Delaware as a forum and dictate that this case should not be transferred.

## V. THE DEFENDANTS HAVE USED THEIR MOTION TO DELAY DISCOVERY IN THIS CASE

In their July 13, 2005 correspondence to the Court (D.I. 13), the Defendants ask the Court to stay discovery until the Court rules on this Motion. Defendants' attempt to delay the discovery in this case is consistent with their delay strategy in this and other cases.

For example, in this case, the Defendants filed their Answer without local counsel in violation of this Court's Local Rule 83.5. The Court generously allowed the Defendant an additional six weeks to obtain local counsel, who did not appear until the last possible day, June 6, 2005. (D.I. 8 and 10). Then, the Defendants waited another month before filing this motion, although it appears that they were prepared to file it on June 8, 2005. (*See* Exhibit C to Defendant's Memorandum of Law, the Affidavit of Douglas Hobbs, signed June 8, 2005). They are now using this Motion as an excuse to delay discovery.

Hobbs has also delayed discovery in the Massachusetts litigation. SRU was required to file a Motion to Compel just to get Hobbs to produce documents for which there was no dispute. After SRU filed its Motion to Compel, and over three months after SRU served the discovery requests, Hobbs for the first time suggested that a Protective Order was necessary. Hobbs, however, made no attempt to seek one. To move the case along, SRU was forced to file a Motion with the Massachusetts court for the Protective Order. (*See* Exh. F). Hobbs finally produced some documents, but only after the Massachusetts court ordered him to do so. (*See* Exh. G).

Defendants have also engaged in a delay strategy in the lawsuits filed by SRU in Canada. Defendants are presently in default in SRU's action against them in the Ontario Superior Court in Canada. (*See* Exhibit E to the Defendants' Memorandum of Law). In that lawsuit, after SRU granted the Defendants the courtesy of an extension of time, they had nearly two months to file their Notice of Defence. Instead of filing their Defence, however, they sent a letter to SRU's Canadian counsel stating that they were filing a motion to challenge jurisdiction, and that they would request a hearing of greater than two hours. (*See* Exh. H). Because of the backlog in the Canadian court, the Defendants' special request for a two-hour hearing pushes the hearing back until sometime no earlier than September. (*See* Exh. I). There is no reason for a two hour hearing on the jurisdiction question other than, by requesting one, the Defendants can postpone the hearing date.

In the Federal Court action in Canada (*See* Exhibit D attached to Defendants' Memorandum of Law), the Defendants failed to timely file their Notice of Appearance. Instead of seeking default judgment, SRU agreed to allow the Defendants extra time to file their Notice. The Defendants' "Evidence of the Respondent" is due in that litigation on

10

August 6, 2005. SRU's Canadian counsel has informed the Defendants' Canadian counsel that SRU will not tolerate any further delay in filing this evidence and to expect no further extensions of time from SRU. (*See* Exh. J).

The Defendants have delayed each and every proceeding that they are part of in every way they can. The Defendants are now asking this Court to sanction their delay strategy by staying discovery in this case while their Motion to Transfer is pending. There is, however, no reason why discovery can not begin in this case, and a transfer should have no effect. This Court should not allow the Defendants to succeed in this improper delay tactic in this case.

## VI. CONCLUSION

SRU's choice of forum is paramount in deciding whether this case should be transferred to Massachusetts. None of the public or private interests in this case strongly outweigh SRU's choice. Hobbs and Cowan purposely formed CoHo in Delaware and CoHo availed itself of the Delaware court system by filing infringement counterclaims in Delaware. Defendants should not now be allowed to complain that they do not like it here. Moreover, the Massachusetts courts are in no better position to deal with the issues of this case, as federal law, not state law, will control the issues of the case. Furthermore, the convenience factors do not strongly outweigh SRU's choice of forum. For all of the foregoing reasons, this Court should deny the Motion to Transfer and allow discovery to move forward here in Delaware.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff/Counterclaim Defendant SRU Biosystems, Inc.*

*Of Counsel:*

John J. McDonnell
James C. Gumina
Patrick G. Gattari
Paula S. Fritsch
McDONNELL BOEHNEN
    HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, IL  60606
Telephone: (312) 913-0001

Dated: July 21, 2005
159688.1