IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SRU BIOSYSTEMS, INC.
        Plaintiff,

v.

                                CIVIL ACTION NO. 05-201-SLR

DOUGLAS S. HOBBS,
JAMES J. COWAN, and
COHO HOLDINGS, LLC
        Defendants.

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS
MOTION TO TRANSFER VENUE**

                                            **BLANK ROME LLP**

                                        Dale R. Dubé (I.D. No. 2863)
                                        1201 Market Street
                                        Suite 800
                                        Wilmington, DE 19801
                                        Telephone: (302) 425-6400
                                        Facsimile: (302) 425-6464

                                        Attorney for Defendants/Counterclaim
                                        Plaintiff, Douglas S. Hobbs, James J.
                                        Cowan, and Coho Holdings, LLC

Of Counsel

Brian M. Dingman (BBO #548979)
Jenifer E. Haeckl (BBO #632952)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Telephone: (508) 791-8500
Facsimile: (805) 791-8502

Dated: July 28, 2005

## TABLE OF CONTENTS

                                                                           **Page**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 1

1.     SRU Has Not Provided A Single Reason Why Delaware Is More Convenient Than Massachusetts To Anyone Related To The Case ......................................................... 1

2.     None Of The Issues Raised By SRU Favor The Convenience Of The Parties, The Efficient Use Of Judicial Resources Or The Interests Of Justice ....................................... 2

CONCLUSION ................................................................................................................................ 6

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Rates Technology Inc. v. Nortel Networks Corp.*,
399 F.3d 1302 (Fed. Cir. 2005)..................................................................................4

## INTRODUCTION

Defendants, Douglas S. Hobbs, James J. Cowan, and Coho Holdings, LLC, (together "Coho"), by counsel, hereby reply to Plaintiff, SRU Biosystems, Inc.'s ("SRU") Opposition to Coho's Motion to Transfer Venue to the United States District Court for the District of Massachusetts.

## ARGUMENT

**1. <u>SRU Has Not Provided A Single Reason Why Delaware Is More Convenient Than Massachusetts To Anyone Related To The Case.</u>**

What is most striking about SRU's opposition to a transfer of venue to Massachusetts is the complete absence of any claim by SRU that Delaware is more convenient than Massachusetts to any of the parties, witnesses, or the judicial system. SRU has failed to articulate even one example of how the District of Delaware is more convenient than Massachusetts. The only connection between Delaware and this case, which the defendants already acknowledged in their initial motion, is that the plaintiff and one of the three defendants are incorporated in Delaware. However, neither of these two companies is located in Delaware. SRU has failed to point to any witness, any event, or any evidence relating to the subject dispute that is related to, much less located, in Delaware. SRU has failed to articulate a substantial reason why SRU prefers the District of Delaware rather than Massachusetts to litigate a case in which none of the witnesses or documents are located in Delaware, none of the events took place in Delaware, and the dispute does not involve Delaware state law. SRU notes that it prefers Delaware because it has a relationship with local Delaware counsel because of a prior case involving Corning. However, SRU already has a relationship with local counsel in Massachusetts in connection with SRU's lawsuit in Massachusetts against Mr. Hobbs. In fact, SRU does not dispute that the factors the

1

Third Circuit considers weigh in favor of the transfer, namely:

-the District of Delaware is a foreign forum to the individual defendants, Mr. Hobbs and Mr. Cowan;

- the principal places of business for the other two parties, Plaintiff, SRU, and Defendant, Coho, and the residences of Mr. Hobbs and Mr. Cowan, are all located in Massachusetts;

- that all of the Defendant's principal witnesses and documents, and virtually all of the Plaintiff's principal witnesses and documents, are located in Massachusetts and none are in Delaware;

- that various third party witnesses, such as former employees of SRU[1], are beyond the subpoena power of Delaware;

- all of the events at issue in this case occurred in Massachusetts;

- any judgment is equally enforceable in Massachusetts as in Delaware; and

- perhaps most importantly, this case does not involve any questions of Delaware state law.

2. **None Of The Issues Raised By SRU Favor The Convenience Of The Parties, The Efficient Use Of Judicial Resources Or The Interests Of Justice**

First, SRU argues that the case in Massachusetts is completely different from the case in Delaware because the case in Massachusetts is a "breach of contract suit" while the Delaware case is an "inventorship dispute." This is a disingenuous statement. It is utterly apparent from SRU's discovery requests in the Massachusetts case that the Massachusetts case is about inventorship. Attached are SRU's Interrogatories and Document Requests served on Douglas

---

[1] Homer Pien, a current resident of Massachusetts, was the former president of SRU at the time that the events at issue in this case took place and spearheaded the development of SRU's relationship with the defendants.

2

Hobbs in the Massachusetts case. (See Exhibits A and B.) All, except one, of SRU's twenty-one Interrogatories concern issues of inventorship or questions about third parties to that action, namely, Coho and James Cowan. Of SRU's twenty-seven document requests, seventeen concern issues of inventorship or questions about third parties to that action, namely, Coho, James Cowan, Brian Cunningham, and Aztec Systems. SRU also just sent Mr. Hobbs' counsel copies of a Notice of Deposition of Mr. Hobbs and a subpoena to take the deposition of James Cowan, including document requests relating directly to the Delaware lawsuit, even though James Cowan is a third party to the Massachusetts case. (See Exhibit C.)

SRU further argues that the Massachusetts case involves different patents, different issues and different law. This also is a disingenuous statement. Although the Massachusetts case was filed under the heading of a breach of contract, the "underlying" issue is inventorship assuming for argument that the Memorandum of Understanding is an enforceable contract at all. As stated in paragraph 9 of SRU's Massachusetts Complaint, the Memorandum of Understanding is only applicable to "jointly- developed technology." (See Exhibit D.) As such, the Memorandum of Understanding does not apply to inventions that were invented by Mr. Hobbs and Mr. Cowan without SRU's Mr. Cunningham. As for SRU's argument that the cases involve different patents, this also is disingenuous since all of SRU's pending patent applications at issue in the Massachusetts case and both of Coho patents at issue in this Delaware case all claim priority back to the same U.S. Provisional Patent Application No. 60/310,399 filed on August 6, 2001.[2] Patents and patent applications, including the laws of inventorship, regardless of the state, are

---

[2] For purposes of brevity, only the first page of the two Coho patents at issue in this Delaware case are included as Exhibit E. The claim for priority for all patent applications and patents is listed on the first page under "Related U.S. Application Data."

3

governed by the laws of the United States under Title 35 of the United States Code. It is entirely feasible that the Superior Court in Massachusetts and this Court could arrive at conflicting conclusions regarding the issue of inventorship of the technology disclosed in the U.S. Provisional Application that underlies all of the related patents and patent applications of Coho and SRU.[3]

      Next, SRU argues that Coho has waived its rights to a transfer of venue by virtue of Coho's counterclaims for infringement. However, Coho filed its counterclaims for infringement because they involve the same Coho patents on which SRU based its Complaint. The Federal Circuit has held that issues, such as jurisdiction, are not waived by a defendant simply because the defendant previously filed counterclaims, especially when an objection to jurisdiction is pled in the Answer to the Complaint. *Rates Technology Inc. v. Nortel Networks Corp.*, 399 F.3d 1302 (Fed. Cir. 2005)(jurisdiction not waived by defendant's filing of counterclaims). Similarly, Coho objected to venue in its Answer to the Complaint and then followed up the objection with its motion to transfer venue. If Coho had not counterclaimed for infringement on Coho's patents, SRU would likely have later argued that Coho had waived any counterclaims to infringement by not filing the infringement counterclaims. In any case, Coho's counterclaims for infringement do not have a substantial connection to Delaware and any judgment stemming from these counterclaims would be equally enforceable in Massachusetts. As with SRU's inventorship allegations, the witnesses, events, and documents relating to infringement are located and occurred in Massachusetts.

---

[3] For all practical purposes, these two cases would best be consolidated, sua sponte, in Federal District Court in Massachusetts.

4

Last, SRU argues that Coho has used the subject motion to delay discovery.[4] Keeping in mind that SRU filed four actions against Mr. Hobbs, in four separate jurisdictions including two in Canada, all within a five-month period, this could not be further from reality. It was not until after Coho filed the subject motion to transfer venue that SRU prompted the Court to calendar a scheduling conference. As noted above, SRU has already propounded and received substantial discovery[5] from Coho on the issues of inventorship through the Massachusetts case and has already noticed the depositions of Mr. Hobbs and Mr. Cowan. In reality, SRU has set out on a scorched earth approach by filing duplicative cases in four jurisdictions in an effort to overwhelm Mr. Hobbs with legal costs. Contrary to SRU's assertions, there are substantial costs, above and beyond travel costs, associated with defending duplicative cases in four jurisdictions. Mr. Hobbs' only real option is to ask the various courts in Canada, Delaware and Massachusetts, in the interests of justice and convenience, to consolidate these cases in Massachusetts where they all should be.

In sum, the factors which courts weigh as significant in choosing one forum over another weigh in favor of transferring the action to the District of Massachusetts.

---

[4] SRU's assertions that Coho's motivation for filing a motion to challenge jurisdiction in Canada was simply a delay tactic are baseless.
[5] Coho has already served SRU with over 1200 pages of documents in response to SRU's documents requests, over half of which concern inventorship.

5

## CONCLUSION

For the foregoing reasons and the reasons stated in the Defendants' Memorandum of Law in Support of Defendants' Motion to Transfer Venue, Defendants and Counter-claim Plaintiffs, respectfully request that their motion to transfer be granted and such other relief as the Court deems just.

                Respectfully submitted,

                **BLANK ROME LLP**

By:   /s/ Dale R. Dubé
       Dale R. Dubé (I.D. No. 2863)
       1201 Market Street
       Suite 800
       Wilmington, DE 19801
       Telephone: (302) 425-6400
       Facsimile: (302) 425-6464

       Attorney for Defendants/Counterclaim
       Plaintiff, Douglas S. Hobbs, James J.
       Cowan, and Coho Holdings, LLC

Of Counsel

Brian M. Dingman (BBO #548979)
Jenifer E. Haeckl (BBO #632952)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Telephone: (508) 791-8500
Facsimile: (805) 791-8502

Dated: July 28, 2005

## CERTIFICATE OF SERVICE

I, Alisa E. Moen, hereby certify that on this 28th day of July 2005 I caused a copy of the Defendants' Reply Brief in Support of its Motion to Transfer Venue to be served upon the following counsel in the manner indicated:

### E-FILING AND HAND DELIVERY

Steven J. Balick
John G. Day
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

### FACSIMILE AND FEDERAL EXPRESS

John J. McDonnell
James C. Gumina
Patrick G. Gattari
Paula S. Fritsch
McDONNELL DOEHNEN HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606

_____
Alisa E. Moen (DE ID No. 4088)