# EXHIBIT A

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT

|  |  |
|---|---|
| SRU BIOSYSTEMS, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| Douglas Hobbs, | ) |
| Defendant | ) |

Civil Action No. 04-5628

## SRU'S FIRST SET OF INTERROGATORIES (NOS. 1-20)
## TO DEFENDANT DOUGLAS HOBBS

Plaintiff SRU Biosystems, Inc. propounds the following interrogatories to Defendant Douglas Hobbs to be answered within forty-five (45) days in accordance with Rules 26 and 33 of the Massachusetts Rules of Civil Procedure.

All interrogatories propounded by SRU are deemed to be continuing in nature so as to require supplementation promptly following the discovery of additional information by Defendant to the extent such information is responsive to SRU's requests.

## DEFINITIONS AND INSTRUCTIONS

In the following interrogatories:

1.     The terms "Plaintiff" and "SRU" shall mean SRU Biosystems, Inc., SRU Biosystems LLC, and SRU Biosystems Holdings, LLC, and/ or any company name under which the foregoing are doing business, and includes predecessors, parents, subsidiaries, divisions, officers, employees, agents, distributors, jobbers, salespersons, sales representatives and attorneys.

2.     The terms "Defendant", "Hobbs", "you" and "yours" shall mean Douglas Hobbs.

3.     The terms "person" or "persons" shall mean, without limitation, natural persons (including those employed, contracted, or subcontracted by Hobbs), all governmental entities, agencies, officers, departments, or affiliates of the United States of America, or any other governmental entity and any corporation, company, foundation, partnership, proprietorship, association, organization or group of natural persons.

4.     The term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

5.     The terms "document" and "documents" is intended to cover the full scope of items and information subject to discovery under Rule 34 of the Massachusetts Rules of Civil Procedure, and shall mean all writings, printings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations,

2

working papers, applications, permits, surveys, indices, telephone calls, meetings, printouts, teletypes, telefax, facsimiles, work sheets, laboratory notebooks, articles, books, pamphlets, computer printouts, calendars and all drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including without limitation, pictures, photographs, charts, microfilm, microfiche, videotape, recordings, motion pictures, plans, drawings, surveys), electronic, mechanical or electric records or representations of any kind (including without limitation, electronic mail ("e-mail"), tapes, cassettes, data stored in computer readable form, disks, CD's, hard disk drives, optically recorded disks, electronic back-up tape, floppy disks, Zip disks; film) or other any other means of storing information or images.

6.    The terms "relate to" and "refer to" shall be interpreted so as to encompass the liberal scope of discovery set forth in Rule 26(b) of the Massachusetts Rules of Civil Procedure, such that these terms shall be construed to include, without limitation, referring, relating, analyzing, concerning, constituting, containing, contradicting, describing, discussing, evaluating, evidencing, pertaining, reflecting, refuting or supporting.

7.    The terms "identify", "identification", "describe" or "description" shall mean:

(a)    with respect to a natural person, his or her name, and present (or if unknown, the last known) address, present (or if unknown, the last known) place of employment, date(s) of commencement and termination of employment, job title and description of his or her duties and responsibilities;

(b)    with respect to a corporation or other legal entity, the full name, address and state of incorporation, if known, and the identity of the person(s) who acted on behalf of such entity with respect to the subject matter of the interrogatory;

3

(c)    with respect to a document, the type of document (e.g., letter, telex, contract, calendar pad, report) the number of pages of which the document consists, a general description of the document's contents, identification of the person(s) who prepared the document, for whom it was prepared, who signed it, to whom it was delivered, mailed or otherwise received, and to whom a copy was sent or otherwise received, date of writing, creation or publication, the identifying number(s), letter(s) or combination thereof, if any, and the significance or meaning of such number(s), letter(s) or combination thereof, and present location and identity of the custodian of that document. Documents to be identified shall include both documents in your possession, custody or control, documents known by you to have existed but no longer existing and other documents of which you have knowledge or information

(d)    with respect to an activity, the events and/or occurrences that comprise the activity, the persons involved in the activity, the dates when the activity occurred, and the locations where the activities occurred.

8.    The terms "and" and "or" as well as "and/or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the interrogatory all responses which otherwise might be construed as outside the scope.

9.    The terms "describe" and/or "state" shall mean to set forth fully and unambiguously every contention and/or fact relevant to the subject of the interrogatory, which you (including your agents and representatives) have knowledge or information.

10.    The term "including" shall be construed broadly, and shall encompass "including but not limited to" and "including without limitation."

11.    The terms "biosensor" and "biosensor device" shall be interpreted in their broadest sense to include any object or aggregation of materials that was conceived to be used,

4

was used, or is used to sense or detect the presence or amount of chemical or biological substances in any media or sample, regardless of whether the object or aggregation actually operates in such a manner.

12.    Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any interrogatory.

13.    The phrase "SRU's patent applications naming Hobbs as an inventor" shall mean U.S. Provisional Patent Application 60/244,312 filed October 30, 2000, U.S. Provisional Patent Application 60/283,314, filed April 12, 2001; U.S. Provisional Patent Application 60/303,028 filed July 3, 2001; U.S. Utility Patent Application Serial No. 09/929,957, filed August 15, 2001 (U.S Patent Application Publication No. US2002/0168295);  U.S. Utility Patent Application Serial No. 10/415,037, filed January 20, 2004 (U.S Patent Application Publication No. US20040132172); and PCT Patent Application Serial No. US01/50723, filed October 23, 2001 (Publication No. WO 02/059602), and all related patent applications or patent applications.

14.    The phrase "related patents or patent applications" shall mean any patent application that is a parent, continuation, continuation-in-part, divisional of, either directly or indirectly, claims priority on, or is otherwise related to another patent application, any foreign patent, foreign patent application or international patent application that corresponds in whole or in part or claims priority on any of the foregoing patents or patent applications, or any other patent or patent application that describes itself as being related to another patent application.

15.    These interrogatories shall be deemed to include all information within your possession, custody or control, including information (1) located in your files and those of any and all past and present agents, representatives, employees, attorneys and accountants in your possession, custody or control, and (2) located at the offices of any corporation, company,

5

foundation, partnership, proprietorship, association, or organization that you control or in which you have an interest that would allow you to access such information.

16.    With respect to any documents or information otherwise responsive to these interrogatories that you withhold or refuse to divulge on a claim of privilege or immunity, provide a statement signed by your attorneys setting forth as to each document:

    (a)    The names of the sender, author and recipient(s) of the document and any persons to whom the document was shown;

    (b)    The date of the document, or if no date appears, the date on which it was prepared;

    (c)    A general description of the nature and subject matter of the document;

    (d)    The name of the person who has custody of the document;

    (e)    The statute, rule or decision which is claimed to give rise to the privilege.

17.    No interrogatory or subpart hereof shall be construed as a limitation on any other interrogatory or subpart hereof.

18.    Where an objection is made to an interrogatory, state all grounds upon which your objection is based and answer the interrogatory to the fullest extent possible subject to any stated objection.

## INTERROGATORIES

## INTERROGATORY NO. 1

Identify all patents and patent applications naming Hobbs as an inventor, whether U.S. applications or foreign or international applications, and whether filed by Hobbs or others.

**INTERROGATORY NO. 2**

For each patent and application identified in Response to Interrogatory No. 1, identify every person or entity that has an ownership, security or contractual interest in each patent and application, including but not limited to entities that have been given such interest by assignment, transfer, conveyance, license, mortgage, lien, or grant of any security interest, and describe the nature of such interest.

**INTERROGATORY NO. 3**

For each patent and application identified in Response to Interrogatory No. 1, identify every person or entity to whom Hobbs has, or has attempted to, assign, transfer, convey, license, mortgage, or grant of any security interest in such patents or applications, and identify all persons with knowledge of such transaction, whether or not completed, and the date or contemplated date of such transaction.

**INTERROGATORY NO. 4**

Identify each entity, including each corporation, company, foundation, partnership, proprietorship, association, organization or group of natural persons in which Hobbs is or has been an officer, director, or partner, or in which Hobbs has or has had an ownership interest of 1% or greater.

**INTERROGATORY NO. 5**

For each ownership or security interest in CoHo Holdings, identify each person or entity that holds such interest and describe the nature of the interest.

7

## INTERROGATORY NO. 6

For each ownership or security interest in BioAztec, identify each person or entity that holds such interest and describe the nature of the interest.

## INTERROGATORY NO. 7

For each ownership or security interest in Aztec Systems, identify each person or entity that holds such interest and describe the nature of the interest.

## INTERROGATORY NO. 8

For each ownership or security interest in TelAztec, identify each person or entity that holds such interest and describe the nature of the interest.

## INTERROGATORY NO. 9

Describe Hobbs' qualifications as an expert in holographic effects and structures as alleged in Paragraph 4 of Defendant's Answer and Affirmative Defenses.

## INTERROGATORY NO. 10

State the date when Defendant "conceived of the optical effect and hologram sensor structure that allows for the fabrication of a chemical or biological material detector" as alleged in Paragraph 4 of Defendant's Answer and Affirmative Defenses, describe the circumstances surrounding such conception, all persons who witnessed or have knowledge regarding such conception, and identify all documents that refer to or relate to such conception.

8



## INTERROGATORY NO. 11

State the date when Defendant reduced to practice "the optical effect and hologram sensor structure that allows for the fabrication of a chemical or biological material detector" as alleged in Paragraph 4 of Defendant's Answer and Affirmative Defenses, describe the circumstances surrounding such reduction to practice, all persons who witnessed or have knowledge of such reduction to practice, and identify all documents that refer to or relate to such reduction to practice.

## INTERROGATORY NO. 12

For each of the claims in any patent or patent application that names Hobbs as an inventor that is related to the "novel optical effect and hologram sensor structure that allows for the fabrication of a chemical or biological material detector" as alleged in Paragraph 4 of Defendants' Answer and Affirmative Defenses, state whether Hobbs believes he is properly an inventor of the claimed invention, the date when Hobbs conceived of the claimed invention, the date when the invention of each such claim was first actually reduced to practice, describe the circumstances surrounding each such conception and first actual reduction to practice, identify the person(s) most knowledgeable of each such conception and actual reduction to practice, and identify all documents and things that refer to or relate to each such conception or actual reduction to practice.

## INTERROGATORY NO. 13

For each of the claims in SRU's patent applications naming Douglas Hobbs as an inventor, state whether Hobbs believes he is properly an inventor of the subject matter of each such claim, the date when Hobbs conceived of the claimed invention, the date when the

invention of each such claim was first actually reduced to practice, describe the circumstances surrounding each such conception and first actual reduction to practice, identify the person(s) most knowledgeable of each such conception and actual reduction to practice, and identify all documents and things that refer to or relate to each such conception or actual reduction to practice.

## INTERROGATORY NO. 14

For each of the claims in any patent application naming Douglas Hobbs as an inventor and related to biosensors, state whether Hobbs believes he is properly an inventor of the subject matter of each such claim, the date when Hobbs conceived of the claimed invention, the date when the invention of each such claim was first actually reduced to practice, and describe the circumstances surrounding each such conception and first actual reduction to practice, identify the person(s) most knowledgeable of each such conception and actual reduction to practice, and identify all documents and things that refer to or relate to each such conception or actual reduction to practice.

## INTERROGATORY NO. 15

With regard to Defendant's allegation in Paragraph 5 of Defendant's Answer and Affirmative Defenses that "Cunningham has acknowledged that the Defendant owns the novel optical effect and hologram sensor structure disclosed to the Plaintiff by the Defendant in a meeting held at SRU on September 19, 2000", if such "acknowledge[ment]" was verbal, identify all persons who were present during such "acknowledge[ment]", and if such "acknowledge[ment]" was not verbal, identify all documents and things that refer to or relate to the "acknowledge[ment]."

10

**INTERROGATORY NO. 16**

Describe each of the facts that relate to your denial that "the Defendant's novel optical effect and hologram sensor structure, both conceived and demonstrated before the execution of the MOU, constitutes 'jointly-developed technology' under the MOU," as set forth in paragraph 9 in Defendant's Answer and Affirmative Defenses, and identify all documents that refer to or relate to this denial and all persons with knowledge of the facts.

**INTERROGATORY NO. 17**

Describe each of the facts that related to your allegation that "[t]he plaintiff's complaint, and each count therein, is barred by the plaintiff's breach of implied covenant of good faith and fair dealing" as set forth in Defendant's Third Affirmative Defense, and identify all documents that refer to or relate to this allegation and all persons with knowledge of the facts.

**INTERROGATORY NO. 18**

Describe each instance where SRU has not acted in good faith with regard any aspect of the Memorandum of Understanding executed on October 25, 2000, and for each instance, identify all documents that refer to or relate to each instance and all persons with knowledge of each instance.

**INTERROGATORY NO. 19**

Describe each of the facts supporting your allegation that "[t]he plaintiff's complaint, and each count therein, is barred based on the Doctrine of Unclean Hands" as set forth in Defendant's Second Affirmative Defense, and identify all documents that refer to or relate to this allegation and all persons with knowledge of the facts.

11

## INTERROGATORY NO. 20

Identify each person whose files (including electronic files and e-mail) were searched in response to Plaintiff's Request for Production of Documents served with or subsequent to these interrogatories and the production numbers of any documents produced in this litigation from that person's files.

Respectfully submitted,

SRU Biosystems, Inc.
By its attorneys,

Timothy C. Blank (BBO# 548670)
Matthew M. Lyons (BBO# 657685)
DECHERT LLP
200 Clarendon Street
27th Floor
Boston, MA 02116-5021
(617) 728-7100

OF COUNSEL:
James C. Gumina
McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Dated:

**CERTIFICATE OF SERVICE**

HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEYS OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON _____