# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                                                    SUPERIOR COURT

| | |
|---|---|
| SRU BIOSYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Douglas Hobbs, )<br>)<br>Defendant ) | <br><br><br><br>Civil Action No. 04-5628 |

### SRU'S FIRST SET OF REQUESTS (NOS. 1-27) FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT DOUGLAS HOBBS

Plaintiff SRU Biosystems, Inc. propounds the following requests to Defendant Douglas Hobbs for production of the documents and things specified below for inspection and copying pursuant to Rules 26 and 34 of the Massachusetts Rules of Civil Procedure. The documents shall be produced within forty-five (45) days for inspection and copying at the offices of McDonnell Boehnen Hulbert & Berghoff LLP, 300 South Wacker Drive, Suite 3100, Chicago, Illinois 60606, or at another mutually agreeable place and time.

All requests propounded by SRU Biosystems, Inc. are deemed to be continuing in nature so as to require supplementation promptly following the discovery of additional information by Defendant to the extent such information is responsive to the requests.

## DEFINITIONS AND INSTRUCTIONS

In the following requests for production of documents and things:

1. The definitions appearing in SRU Biosystems, Inc.'s First Set of Interrogatories (Nos. 1-20) to Defendant Hobbs are incorporated herein specifically by reference, as if fully set forth herein.

2. In producing documents and things responsive to these requests, Hobbs shall furnish all documents within his possession, custody, or control, regardless of whether these documents are possessed directly by Hobbs, by any organization for which Hobbs serves as an officer, director, manager or representative, or by an attorney thereof.

3. These requests shall be deemed to include all information within your possession, custody or control, including information (1) located in your files and those of any and all past and present agents, representatives, employees, attorneys and accountants in your possession, custody or control, and (2) located at the offices of any corporation, company, foundation, partnership, proprietorship, association, or organization or other entity that you control or in which you have an interest that would allow you to access such information.

3. If the attorney-client privilege or work product immunity is asserted as to any document or thing, or if any document or thing is not produced in full, produce the document or thing to the extent the request for production is not objected to, and, in so doing, state:

    (a)    the specific ground(s) for not producing the document or thing in full;

    (b)    the bases for such a claim of privilege or immunity; and

    (c)    fully identify the information, document, or material for which such privilege or immunity is asserted, including the name of any document, the name, address and

title of its author, each addressee, and each person to whom a copy of the document or thing has been sent or received.

4.   If you maintain that any document or thing requested by SRU Biosystems, Inc. has been destroyed, set forth the contents of the document or thing, the date of its destruction, and the name of the person who authorized its destruction.

5.   Where an objection is made to a request, state all grounds upon which the objection is based.

6.   Selection of documents, and the numbering of such documents, shall be performed in such a manner as to ensure that the source of each document may be determined.

7.   These requests shall be deemed to include all documents and things within your possession, custody or control, including documents (1) located in your files and those of any and all past and present agents, representatives, employees, attorneys and accountants in your possession, custody or control, and (2) documents located at the offices of any corporation, company, foundation, partnership, proprietorship, association, or organization that you control or in which you have an interest that would allow you to access such documents and information.

## REQUESTS

### REQUEST NO. 1

All documents and things that refer to or relate to SRU.

### REQUEST NO. 2

All documents and things that refer or relate to Brian Cunningham.

**REQUEST NO. 3**

All documents and things that refer to or relate to any relationship between Hobbs and SRU.

**REQUEST NO. 4**

All documents and things that refer to, relate to, or constitute any correspondence or communication between Hobbs and SRU.

**REQUEST NO. 5**

All documents and things that refer to, relate to, or constitute any proposed, negotiated or executed agreement between SRU and Hobbs, including but not limited to any drafts and any documents referring to or relating to the proposal, negotiation and execution of any agreement.

**REQUEST NO. 6**

All documents and things that refer to or relate to the Memorandum of Understanding ("MOU") between SRU and Hobbs, including but not limited to any drafts of the MOU and any documents referring to or relating to the negotiations leading to the execution of the MOU.

**REQUEST NO. 7**

All documents and things that refer to or relate to compensation in any form, including consulting fees, paid to Hobbs by SRU.

**REQUEST NO. 8**

All documents and things that refer to or relate to your allegation that the Memorandum of Understanding between Hobbs and SRU, executed on October 25, 2000, is not an enforceable contract.

**REQUEST NO. 9**

All documents and things that refer to or relate to any effort by Hobbs to conceive, reduce to practice, design or develop a biosensor.

**REQUEST NO. 10**

All documents and things that refer to or relate to the preparation and prosecution of patent applications related to biosensor devices naming Hobbs as an inventor, including without limitation, invention disclosures, draft applications, and other materials prepared for sending to the U.S. Patent and Trademark Office or foreign or international patent offices, papers sent to or received from the U.S. Patent and Trademark Office or foreign or international patent offices, notes and memoranda of interviews (telephonic or in person), and correspondence.

**REQUEST NO. 11**

All documents and things that refer to or relate to the preparation and prosecution of any application to reissue, interference involving, petition to re-examine, conflict, opposition, nullity, or infringement proceeding relating to patents or patent applications related to biosensor devices naming Hobbs as an inventor, including without limitation, invention disclosures, draft applications, and other materials prepared for sending to the U.S. Patent and Trademark Office or foreign or international patent offices, papers sent to or received from the U.S. Patent and Trademark Office or foreign or international patent offices, notes and memoranda of interviews (telephonic or in person), and correspondence.

**REQUEST NO. 12**

All documents and things that refer to or relate to any testing, experimentation, research and/or development of any of the subject matter shown, described, and/or claimed in patents or patent applications related to biosensor devices and that name Hobbs as an inventor.

**REQUEST NO. 13**

All documents and things that refer to or relate to the subject matter disclosed or claimed in SRU's patent applications naming Hobbs as an inventor.

**REQUEST NO. 14**

All documents and things that refer to or relate to any draft or executed assignment, transfer, conveyance, license, mortgage, lien, or grant of any security interest in or of any rights to patents or patent applications related to biosensor devices naming Hobbs as an inventor.

**REQUEST NO. 15**

All documents and things that refer to or relate to any inquiries, offers, requests, proposals, or negotiations to assign, transfer, convey, and/or license (whether or not a license was granted) any rights to patents or patent applications related to biosensor devices naming Hobbs as an inventor.

**REQUEST NO. 16**

All documents and things that refer to or relate to any alleged conception, reduction to practice, development, or testing of any of the subject matter shown, described, or claimed in patents or patent applications naming Hobbs as an inventor and related to biosensor devices.

**REQUEST NO. 17**

All documents and things that constitute, refer, or relate to the first written description of any of the subject matter shown, described, or claimed in patents or patent applications naming Hobbs as an inventor related to biosensor devices.

**REQUEST NO. 18**

All documents and things that refer to or relate to Hobbs' allegation in Paragraph 4 of Defendant's Answer and Affirmative Defenses that he "himself conceived the novel optical effect and hologram sensor structure that allows for the fabrication of a chemical or biological material detector."

**REQUEST NO. 19**

All documents and things prepared, produced or contributed to by Hobbs that refer to or relate to biosensors, including but not limited to presentations, demonstrations, exhibits, speeches, lectures, or printed publications.

**REQUEST NO. 20**

All documents and things that relate to or refer to Hobbs' policies, practices and/or procedures now or previously in effect with respect to the retention or destruction of documents.

**REQUEST NO. 21**

All documents and things that refer to, relate to, or constitute any correspondence, communication or agreement between SRU and Aztec Systems.

**REQUEST NO. 22**

All documents and things that refer to, relate to, or constitute any correspondence, communication or agreement between SRU and BioAztec.

**REQUEST NO. 23**

All documents and things that refer to, relate to, or constitute any correspondence, communication or agreement between SRU and TelAztec.

**REQUEST NO. 24**

All documents that refer to or relate to the relationship between CoHo Holdings (and its subsidiaries, divisions, business units, agents and representatives) and SRU, including but not limited to agreements, correspondence, laboratory notebooks, and reports and drafts thereof.

**REQUEST NO. 25**

All documents that refer to or relate to the relationship between James Cowan and SRU, including but not limited to agreements, correspondence, laboratory notebooks, and reports.

**REQUEST NO. 26**

All documents and things that refer to, relate to, or constitute any correspondence, communication or agreement between SRU and James Cowan.

**REQUEST NO. 27**

All documents and things identified in or relied upon in response to SRU's First Set of Interrogatories (Nos. 1-20) to Hobbs or in any subsequent interrogatories served by SRU.

Respectfully submitted,

SRU Biosystems, Inc.

By its attorneys,

_____
Timothy C. Blank (BBO# 548670)
Matthew M. Lyons (BBO# 657685)
DECHERT LLP
200 Clarendon Street
27th Floor
Boston, MA 02116-5021
(617) 728-7100

OF COUNSEL:
James C. Gumina
McDONNELL BOEHNEN
HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Dated:

**CERTIFICATE OF SERVICE**

HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEYS OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON _____

9