# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 26, 2005

The Honorable Sue L. Robinson                VIA E-FILING
United States District Court
844 King Street
Wilmington, Delaware 19801

      Re:   *SRU Biosystems, Inc. v. Douglas S. Hobbs, et al.,*
            C.A. No. 05-201-SLR

Dear Chief Judge Robinson:

      I am local counsel for plaintiff SRU Biosystems, Inc. in the above matter. I write to request the Court's assistance in resolving the two remaining issues regarding the proposed protective order in this action.

      In the scheduling conference on August 10, 2005, the Court stated that any Protective Order in this case would include a "patent prosecution bar" that prohibits patent prosecutors from having access to an opponent's confidential information. With the Court's guidance in mind, the parties have agreed on the following language on page 8, paragraph II.7 of the Order, with the exception of the bracketed portions, which define the field to which the prosecution bar will apply:

> Counsel, an advisor or an expert, who is given access to **HIGHLY CONFIDENTIAL INFORMATION** of another shall not counsel, assist or participate in any way with the preparation, filing or prosecution of any patent application, protest, interference, public use proceeding, reissue, reexamination, citation of prior art under 35 U.S.C. § 301 or request for certificate of correction that is in the field of [**SRU's Proposal – optical sensors for use in biological, chemical and environmental testing; Defendants' Proposal -- resonant optical biosensors**] for a period of eighteen (18) months after this litigation has terminated.

      SRU proposes that the field encompass all of the subject matter that reasonably can be expected to be disclosed during discovery (*i.e.,* "optical biosensors for use in biological, chemical and environmental testing"). The Defendants propose a narrower field, limited to only the invention at issue in the Complaint (*i.e.,* "resonant optical biosensors").

The Honorable Sue L. Robinson
September 26, 2005
Page 2

      The parties also disagree on the definition of HIGHLY CONFIDENTIAL INFORMATION set forth on page 2, paragraph I.5., of the proposed protective order. SRU proposes a definition that is keyed to competitive disadvantage:

> 5. "HIGHLY CONFIDENTIAL INFORMATION" means all CONFIDENTIAL INFORMATION that the designating party reasonably believes could result in a competitive disadvantage if disclosed to counsel prosecuting patent applications in the field of optical biosensors for use in biological, chemical or environmental testing.

Defendants' propose a narrower definition, limited to the subject matter of unpublished pending or future patent applications:

> 5. "HIGHLY CONFIDENTIAL INFORMATION" means all CONFIDENTIAL INFORMATION that the designating party reasonably believes pertains to the subject matter of the disclosing party's unpublished pending or future patent applications.

      For the Court's convenience, we enclose a form of protective order setting forth the parties' alternative proposals in bold type, from which the Court can choose. The parties also are available at the Court's convenience should Your Honor wish to discuss this matter.

      Respectfully,

      /s/ *John G. Day*

      John G. Day (I.D. #2403)

JGD/nml
Enclosure
161726.1

c:     Clerk of the Court (by hand; w/enc.)
      Dale R. Dube, Esquire (by hand; w/enc.)
      James C. Gumina, Esquire (via facsimile; w/enc.)
      Brian M. Dingman, Esquire (via facsimile; w/enc.)