IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRU BIOSYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOUGLAS S. HOBBS, JAMES J. COWAN, and )<br>COHO HOLDINGS, LLC, )<br>)<br>Defendants. ) | C.A. No. 05-201-SLR |

## STIPULATED PROTECTIVE ORDER

WHEREAS, in the course of this litigation, Plaintiff SRU Biosystems, Inc. (hereinafter "SRU") and Defendants Douglas S. Hobbs, James J. Cowan and CoHo Holdings, LLC (hereinafter "Defendants") may seek disclosure of non-public information which a Party regards as trade secret or other confidential research, development or commercial information; and

WHEREAS, the parties desire to establish a mechanism to protect the disclosure of such trade secret or other confidential research, development or commercial information; and therefore:

IT IS HEREBY ORDERED that this Protective Order shall govern in this action the disclosure of trade secret or other confidential research, development or commercial information, and pursuant to Rule 26(c) of the Fed. R. Civ. Proc. and any applicable Local Rules. Accordingly, IT IS HEREBY ORDERED as follows:

I.  DEFINITIONS

1. "Counsel" means an attorney for a Party, including the employees and assistants thereof who are involved in this action.

2. "Party" means any of the parties to this action.

3. "Third Party" means a person or entity who is not an employee, officer or director of a Party to this action as that term is defined in paragraph (I)(2), and who is not an employee, officer, or director of an affiliate, joint venturer, partner, or successor of a Party to this action.

4. "CONFIDENTIAL INFORMATION" means all information which a Party or Third Party in good faith believes constitutes, contains, reveals or reflects a trade secret or other confidential research, development, or commercial information, that would reasonably be subject to protection under Fed.. R. Civ. P. 26(c)(7), including, but not limited to, financial information, trade secrets, manufacturing techniques, manufacturing processes, laboratory notebooks, research data, research results, supplier information, material information, the inventions, the technology, contracts and the personal or business information of the Parties and/or their customers, suppliers, contractors, consultants or employees.

5. "HIGHLY CONFIDENTIAL INFORMATION" means all CONFIDENTIAL INFORMATION that the designating party reasonably believes could result in a competitive disadvantage if disclosed to counsel prosecuting patent applications in the field of optical biosensors for use in biological, chemical or environmental testing.

6. "Producing Party" means any Party or Third Party that is providing testimony, producing documents and things or making things and premises available for inspection.

7. "Receiving Party" means any Party hearing the testimony, or to which documents and things are being produced, or that is inspecting things and premises.

8. "Stipulation" means this Stipulated Protective Order.

II. TERMS OF THE STIPULATION AND ORDER

1. <u>Scope of Stipulation</u>. This Stipulation shall be applicable to and govern all testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to interrogatories pursuant to Rule 33, documents and things produced pursuant to Rule 34, information obtained from inspection of premises and things pursuant to Rule 34, responses to requests for admission pursuant to Rule 36 and all other discovery taken in this action pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and any other information or things, furnished, directly or indirectly, by or on behalf of any Party to the above-captioned action including any such Party's predecessors, successors, parents, subsidiaries, divisions and affiliated companies and companies under the direction and/or control of a Party or its owner(s), to the extent such material is designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with this Stipulation.

2. <u>Use of CONFIDENTIAL INFORMATION</u>. All CONFIDENTIAL INFORMATION, including documents, things or contents thereof produced, or to be produced, by a Party or a Third Party in connection with this litigation, shall be used solely for the purpose of this litigation, including, but not limited to, preparation and trial, settlement discussions and negotiations, and any form of alternative dispute resolution of this action. CONFIDENTIAL INFORMATION shall not be disclosed to anyone, except as provided in this Stipulation. These provisions shall not apply to a Producing Party's disclosure of its own information.

3.  Manner of Designating CONFIDENTIAL INFORMATION.

(a) The Producing Party shall designate any CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION contained in physical objects or documents provided in response to discovery requests (including but not limited to interrogatory answers, responses to requests for admission, and the information contained therein) and in documents prepared for filing with the Court, by stamping, marking or affixing on each page, container, physical representation, or depiction of, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as applicable. Where impracticable because of the form of a physical object, the Producing Party shall inform the Receiving Party in writing in advance of or contemporaneously with the production of the physical object of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation of the object.

(b) All physical objects and documents produced for inspection shall be treated as HIGHLY CONFIDENTIAL INFORMATION by the Receiving Party during the inspection and until the Producing Party provides a copy, container, physical representation, or depiction thereof. Thereafter, the designation of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be applied as described in paragraph (II)(3)(a) above.

(c) CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION revealed by the inspection of premises under Fed. R. Civ. P. 34(a)(2) (where no documents or things are to be provided thereafter by the Producing Party) shall be designated prior to such inspection by the Producing Party, by stating in writing that its CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be disclosed by the

inspection and specifying in writing those areas of the premises in which its CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be revealed.

(d)     CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION revealed at a deposition upon oral examination, pursuant to Fed. R. Civ. P. 30, shall be designated by specifying on the record at the deposition that a Party's or Third Party's CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is being revealed or by giving written notice to the Parties of the transcript pages containing such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION within thirty (30) days of receiving the transcript of the deposition. All deposition testimony shall be treated as HIGHLY CONFIDENTIAL INFORMATION until the thirty-first day after the Party, whose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION was revealed, receives the transcript. The use and disclosure of such designated portions shall be governed by the same rules that govern the use or disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION included in documents as described herein.

(e)     All correspondence, legal memoranda, motion papers, pleadings and other written materials quoting from or referring to the substance of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall also be treated as confidential in accordance with the provisions of this Stipulation and shall be marked in accordance with the provisions of paragraph (II)(3)(a), except that motion papers and pleadings may be marked on the first page only.

(f)     A Party shall designate as CONFIDENTIAL INFORMATION only that information which the Party in good faith believes constitutes trade secrets or other confidential

technical research, development or commercial information, which information is not generally known and which that Party normally does not disclose to Third Parties or, if disclosed to such Third Parties, such Third Parties would normally be required to maintain such information in confidence.

4. <u>Copies</u>. Should any person or entity who is entitled to access to or disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, pursuant to this Stipulation, make copies, duplicates, extracts, summaries, descriptions, projections and/or extrapolations of or from such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, or any portion thereof, the designation shall also be stamped on or affixed to such copies, duplicates, extracts, summaries, descriptions, projections and/or extrapolations, and the references in this Order to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be deemed to include and to apply to such copies, duplicates, extracts, summaries, descriptions, projections and/or extrapolations, and to all information derived from CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

5. <u>No Admission or Waiver</u>. The designation of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by a Party or Third Party is intended solely to facilitate compliance with discovery in this action. Neither such designation nor treatment in conformity with such designation shall be construed as an admission or agreement by any Party or Third Party that the designated information constitutes or contains any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Inadvertent failure to so designate information shall not constitute a waiver of any claim by a Party that such information is CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION; the Party shall have a reasonable opportunity to correct such failure after becoming aware of it as detailed below.

6. <u>Inadvertent Production</u>.

(a) Inadvertent production of documents that are subject to the attorney-client or work product privileges shall not constitute a waiver by that Party of any claim that the documents are privileged. If within fifteen (15) days after becoming aware of such inadvertent production, the Producing Party advises Counsel for the Receiving Party in writing of the inadvertent production, the Receiving Party will promptly return all copies of the documents at issue. Return of the document(s) by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client or work product privilege, nor shall it foreclose any Party from moving the Court for an order that such document or thing has been improperly designated or should be producible for other reasons other than waiver caused by the inadvertent disclosure.

(b) If a Party through inadvertence produces or provides discovery of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without labeling or marking it with the appropriate legend or properly designating it as provided herein, the Producing Party may give written notice to the Receiving Party that the document, thing, or other discovery information, response or testimony should be treated in accordance with the provisions of this Stipulation. The Receiving Party shall mark or stamp the newly designated material with the word CONFIDENTIAL or the words HIGHLY CONFIDENTIAL as the Producing Party directs. The Receiving Party shall thereafter treat such documents, things, information, responses and testimony as designated from the date such notice is received. Disclosure of such documents, things, information, responses and testimony prior to receipt of

such notice to person not authorized to received such hereunder shall not be deemed a violation of this Stipulation. However, those persons to whom disclosure was made are to be advised that the material must thereafter be treated in accordance with this Stipulation.

    7.    <u>Disclosure of CONFIDENTIAL INFORMATION</u>. CONFIDENTIAL INFORMATION may be disclosed only to the following persons or entities and is limited as detailed below, with the exception that any individual, including Counsel, an advisor or an expert, who is given access to HIGHLY CONFIDENTIAL INFORMATION of another shall not counsel, assist or participate in any way with the preparation, filing or prosecution of any patent application, protest, interference, public use proceeding, reissue, reexamination, citation of prior art under 35 U.S.C. § 301 or request for certificate of correction that is in the field of optical biosensors for use in chemical, biological or environmental testing for a period of eighteen (18) months after this litigation has terminated.

    (a)    This Court (including court reporters, outside copying or exhibit preparation services, interpreters or translators whose function requires them to have access to CONFIDENTIAL INFORMATION) under seal or with other suitable precautions calculated to maintain confidentiality and any court to which an appeal in this action may lie;

    (b)    Counsel for the Parties and their associate attorneys, paralegals and support personnel;

    (c)    Outside vendors who perform photocopying, imaging, computer classification, graphic design or similar functions, but only for so long as necessary to perform such services and only upon execution of the Confidentiality Agreement in Exhibit A, which shall be maintained by the Receiving Party using said vendor until sixty (60) days after

Termination of the Litigation as defined herein and produced to the Producing Party upon request for good cause shown;

    (d)    A maximum of three (3) independent experts or consultants for each Party, as provided below; and

    (e)    Any person agreed to in writing by the Parties or as the Court may order.

    8.    <u>Additional Permissible Disclosure</u>. Nothing in this Stipulation shall prevent a Party from using CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at trial, during a hearing or the like, in this action provided that such information is not disclosed to any person except those permitted access hereunder. Any Party may seek to designate as "in camera" such portion of the proceedings where said use is to be made. Documents or things designated CONFIDENTIAL INFORMATION also may be disclosed during a deposition or at trial to: (i) persons listed on the face of the documents as originators, authors or recipients of such documents; (ii) persons otherwise shown to be the originator, author, or recipient of such documents; (iii) employees of the Producing Party or their Counsel; or (iv) former employees of the Producing Party if the document or materials being disclosed pertain to matters with which the former employee was involved.

    9.    <u>Treatment of CONFIDENTIAL INFORMATION</u>. The recipient of any CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper case with respect to confidentiality, storage, custody, use and/or dissemination of such information, but not less than a reasonable degree of care, as is exercised by the recipient with respect to his/her own proprietary information.

10. <u>Experts and Consultants</u>.

(a) Independent experts or consultants and their staffs whose advice and consultation are being or will be used in preparation for and at trial of this case may have access to CONFIDENTIAL INFORMATION pursuant to the procedure set forth below. Such experts shall be independent consultants who are not employees of any of the Parties or competitors of any of the Parties in the field of biosensors. Each such expert or consultant shall read this Stipulation and execute an Acknowledgement Agreement in the form attached hereto as Exhibit A prior to obtaining access to any CONFIDENTIAL INFORMATION. Each such Acknowledgement executed by a Party's expert(s) or consultant(s), along with a current copy of the expert's or consultant's curriculum vitae (detailing the person's name, title, address, place of employment, and employment history, including expert's consulting engagements, for the past three (3) years), shall be transmitted to Counsel for the other Party by no later than ten (10) business days prior to the disclosure of any CONFIDENTIAL INFORMATION. Transmission of the expert's or consultant's executed Acknowledgement and curriculum vitae shall be by personal service upon or facsimile or overnight courier to the Counsel of the Producing Party. If a Party believes that disclosure of CONFIDENTIAL INFORMATION to the other Party's expert(s) or consultant(s) would injure or prejudice the first Party, it may object in writing within five (5) business days of receipt of the executed Acknowledgement and curriculum vitae. If the Parties cannot resolve a dispute regarding disclosure to a designated expert or consultant, the Party who designated the expert or consultant may apply to the Court for an order permitting disclosure of CONFIDENTIAL INFORMATION to such person. Once a Party has objected to disclosure of CONFIDENTIAL INFORMATION to any expert or consultant, the other Party

may not disclose such information until the objection has been resolved by agreement between the Parties in question or until overruled by the Court.

11. <u>Advice to a Party-Client</u>. Nothing in this Stipulation shall bar or otherwise restrict any Counsel from rendering advice to a Party-Client in this litigation and, in the course thereof, relying upon such attorney's or representative's examination and/or analysis of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, provided, however, that in rendering such advice and in otherwise communicating with such client, such Counsel/representative shall not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to unauthorized persons.

12. <u>Effect on Discovery</u>. This Stipulation shall not preclude or limit the right of any Party to oppose discovery on any ground that would otherwise be available. Nothing in this Stipulation shall require disclosure of material which the Producing Party contends is protected from disclosure by the attorney-client privilege or work product immunity or the disclosure of which would breach an express or implied agreement with a Third Party to maintain such material in confidence. In the latter case, if the requested material otherwise might be produced but for such agreement, the Producing Party shall be required to take reasonable steps to obtain the permission of the Third Party to release the material to the requesting Party. This shall not preclude any Party from moving the Court for an order directing the disclosure of such material.

13. <u>Depositions</u>. Whenever any documents, information or other things designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION are to be discussed or disclosed in a deposition, the Producing Party may exclude from the deposition any person who is not entitled to have access to such document, information, or other things designated. When the interrogating attorney is prohibited from access to HIGHLY

CONFIDENTIAL INFORMATION in accordance with Paragraph II.7. herein, upon objection from the producing party, the witness may refuse to answer questions related to HIGHLY CONFIDENTIAL INFORMATION during the deposition. The witness's refusal to answer such questions does not provide the interrogating party the opportunity to question the witness by a second attorney or at another deposition.

14.     <u>Modification and Additional Protective Orders</u>.  Nothing herein shall prevent any Party from: (i) applying to the Court for a modification of this Stipulation should the moving Party believe that, as originally entered, the Stipulation is impairing its efforts to prepare for trial; (ii) applying to the Court for further or additional protective orders; or (iii) making an agreement with the other Party to modify this Stipulation subject to Court approval.

15.     <u>Additional or Alternative Persons Under This Stipulation</u>.  The addition or substitution of persons who shall be permitted access to CONFIDENTIAL INFORMATION in accordance with this Stipulation shall be by stipulation of all parties to this action or by Order of the Court.

16.     <u>Motion for Relief from Designation</u>.  A Party shall not be obligated to challenge the propriety of any designation of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation. If any Receiving Party believes that particular discovery material designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION should not be treated as such, then it may so notify the Producing Party in writing and state the basis for that conclusion ("Notice"). Counsel shall confer within ten (10) calendar days of receipt of the Notice in an attempt to resolve any differences with regard thereto. If no resolution is reached within ten (10) calendar days of

conferring ("Impasse Date"), Counsel for the Receiving Party challenging the designation may seek an order of the Court denying CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION treatment, such motion to be made within ten (10) calendar days of the Impasse Date. The material that is subject to the motion shall continue to be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pending the Court's ruling. In connection with any motion concerning the propriety of a CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation, the Producing Party shall bear the burden of proof.

17. <u>Filing documents with the Court</u>.

(a) The Clerk of the Court is requested to maintain under seal all documents and all transcripts of excerpts of deposition testimony filed with the Court by any Party which are, in whole or in part, designated CONFIDENTIAL INFORMATION, including all pleadings, deposition transcripts, exhibits, discovery responses, memoranda, or briefs purporting to contain or paraphrase such information.

(b) In the event a Party wishes to file with the Court for any purpose any document, transcript, or thing containing information which is or has been designated CONFIDENTIAL INFORMATION, the Party shall designate the material as CONFIDENTIAL INFORMATION as set forth herein, and it shall be filed with the Court in a sealed envelope bearing the caption of the case and the legend:

CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER
NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT.

Filing the document under seal shall not bar any Party from unrestricted use or dissemination of those portions of the document that do not contain CONFIDENTIAL INFORMATION. Upon the failure of the filing Party properly to designate information as CONFIDENTIAL

INFORMATION, any Party who in good faith believes the designation and filing under seal is required may move the Court to file said information under seal within ten (10) calendar days of learning of the defective filing. Notice of such designation shall be given to all parties. Nothing in this provision relieves a Party of liability for damages caused by failures to properly file CONFIDENTIAL INFORMATION under seal.

18.     <u>Stipulation Binding When Signed</u>. This Stipulation shall be binding to the Parties when signed regardless of whether or when the Court enters its order endorsing this Stipulation.

19.     <u>Exception for Public Information</u>. Nothing in this Stipulation shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a Party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated CONFIDENTIAL INFORMATION. However, in the event of a dispute regarding such independent acquisition, a person or entity who wished to use any independently acquired documents, material, duplicates, copies, information or knowledge shall bear the burden of proof to show such independent acquisition.

20.     <u>Termination of Litigation and Survival of Terms</u>

(a)     The restrictions provided for herein shall not terminate upon the conclusion of this action but shall continue until further Order of this Court; provided, however, that this Stipulation shall not be construed: (i) to prevent any Party or its attorneys from making use of information which was lawfully in its possession prior to its disclosure by the Producing Party; (ii) to apply to information which appears in issued patents or public records or printed publications or becomes publicly known other than as a result of disclosure by the non-Producing Party, or (iii) to apply to information that any Party or its attorneys have, after

disclosure by the Producing Party, lawfully obtained from a Third Party having the right to disclose such information.

(b) The Court retains jurisdiction to enforce the terms of this Stipulation following the final termination of this action.

(c) After final termination of this action, by judgment or otherwise, all documents and information designated CONFIDENTIAL INFORMATION shall be returned within sixty (60) calendar days to the Producing Party along with the copies thereof, or the destruction of the documents and information, including copies and electronic records, shall be certified in writing to the opposing Party. All documents prepared by attorneys or experts and consultants designated herein, containing summaries, abstracts or quotations from documents designated by a Party as protected by this Stipulation, shall be destroyed within this same time period. Notwithstanding the foregoing, upon final termination of this action by entry of a final judgment from which no further appeal has been or can be taken, a Receiving Party's Counsel may retain one copy or sample of all material designated CONFIDENTIAL INFORMATION and may retain all documents, things, copies and samples to the extent they include or reflect the Receiving Party's attorneys' work product. With respect to any such retained material, this Stipulation shall survive the final termination of this action to the extent the information in such material is not or does not become known to the public by means other than disclosure by the Receiving Party's Counsel or any other person authorized to receive such material pursuant to this Stipulation.

(d) After final termination of this action, by judgment or otherwise, the Parties may request from the Clerk of the Court all documents and information designated

CONFIDENTIAL INFORMATION and filed under seal within sixty (60) days and the Clerk of the Court shall return such documents upon request.

  (e) Neither the termination of this action nor the termination of employment of any person who had access to any CONFIDENTIAL INFORMATION shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Stipulation.

  21. The terms of this Stipulation shall be applicable to any Third Party that produces information to a Party in this action that is designated by such Third Party as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

  22. This Stipulation is without prejudice to the right of any Party to seek relief from the Court upon good cause shown, from any of the provisions contained herein.

| ASHBY & GEDDES | BLANK ROME LLP |
|---|---|
| /s/ *John G. Day* | /s/ *Dale R. Dube* |
| Steven J. Balick (I.D. No. 2114)<br>John G. Day (I.D. No. 2403)<br>Lauren E. Maguire (I.D. No. 4261)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, Delaware 19801<br>Tel: (302) 654-1888<br>Fax: (302) 654-2067<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>lmaguire@ashby-geddes.com<br><br>*Attorneys for Plaintiff SRU Biosystems, Inc.* | Dale R. Dube (I.D. No. 2863)<br>1201 Market Street<br>Suite 800<br>Wilmington, Delaware 19801<br>(302) 654-1888<br>dube@blankrome.com<br><br>*Attorneys for Defendants Douglas Hobbs, James Cowan and CoHo Holdings, LLC* |

*Of Counsel:*

John J. McDonnell
James C. Gumina
Patrick G. Gattari
Paula S. Fritsch
MCDONNELL BOEHNEN HULBERT &
BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 913-0001

*Of Counsel:*

Brian M. Dingman
Jenifer E. Haeckl
MIRICK, O'CONNELL, DEMALLIE &
LOUGEE LLP
1700 West Park Drive
Westborough Massachusetts 01581
(508) 898-1501


SO ORDERED on this ____ day of _____, 2005:

_____
Chief Judge

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SRU BIOSYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-201-SLR |
| | ) | |
| DOUGLAS S. HOBBS, JAMES J. COWAN, and COHO HOLDINGS, LLC, | ) ) ) | |
| Defendants. | ) | |

**ACKNOWLEDGEMENT**

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER which was signed by the Court on _____, 2005 in the above captioned litigation, Civil Action No. 05-201-SLR, and that he/she fully understands and agrees to abide by the obligations and conditions of the STIPLUATED PROTECTIVE ORDER.

Dated: _____                            _____
                                              (Signature)


                                              _____
                                              (Print Name)

18