IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRU BIOSYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-201-SLR |
| ) | |
| DOUGLAS S. HOBBS, JAMES J. COWAN, and ) | |
| COHO HOLDINGS, LLC, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF DEPOSITION AND SUBPOENA DIRECTED TO BRIAN DINGMAN**

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, Plaintiff SRU Biosystems, Inc. will take the deposition upon oral examination of Brian Dingman. The deposition shall take place at the offices of Dechert LLP, 200 Clarendon Street, 27th Floor, Boston, Massachusetts, on January 9, 2006, beginning at 9:00 a.m. The deposition will be taken for the purposes of discovery, for use at trial or hearings, and for any other purpose allowed under the orders of the presiding Court and the Federal Rules of Civil Procedure, and will be taken before an officer, notary public or other person authorized to administer oaths. Some or all of the deposition testimony may be recorded by stenographic, audio, audio visual, and/or real-time computer means.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Federal Rules of Civil Procedure, Plaintiff SRU Biosystems, Inc. will serve upon Brian Dingman a Subpoena in a Civil Case. Attached hereto is a true and correct copy of that Subpoena.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
_____
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Lauren E. Maguire (I.D. # 4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

John J. McDonnell
James Gumina
Patrick Gattari
Paula Fritsch
McDONNELL BOEHNEN
   HULBERT & BERGHOFF
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Dated: December 8, 2005
164406.1

2

OAO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SRU BIOSYSTEMS, INC., Plaintiff<br><br>v.<br><br>DOUGLAS S. HOBBS, JAMES J. COWAN,<br>AND COHO HOLDINGS, LLC, Defendants | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]  C. A. No. 05-201-SRM<br>District of Delaware |

TO:  Brian Dingman
     Mirick, O'Connell, DeMallie & Lougee, LLP
     1700 West Park Drive
     Westborough, MA 01581

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Dechert LLP<br>200 Clarendon Street, 27th Floor, Boston, Massachusetts | DATE AND TIME<br>January 9, 2006 at 9 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*                                    Attorney for Plaintiff | DATE<br>December 8, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Patrick G. Gattari
McDonnell Boehnen Hulbert & Berghoff LLP, 300 S. Wacker Drive, Chicago, Illinois 60606; 312-913-0001

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 2005, the attached **NOTICE OF DEPOSITION AND SUBPOENA DIRECTED TO BRIAN DINGMAN** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Dale R. Dube, Esquire<br>Blank Rome LLP<br>1201 Market Street<br>Suite 800<br>Wilmington, DE  19801 | HAND DELIVERY |
| Brian M. Dingman, Esquire<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>1700 West Park Drive<br>Westborough, MA  01581-3941 | VIA FEDERAL EXPRESS |

/s/ Lauren E. Maguire
Lauren E. Maguire